TERRY DAIRY PRODUCTS COMPANY, INC. v.
CASH, COMMISSIONER OF LABOR.

5-588                                   275 S. W. 2d 12

Opinion delivered February 7, 1955.

*Gayle Windsor, Jr.,* for appellant.

No brief for appellee.

GEORGE ROSE SMITH, J. This application for unemployment compensation benefits was filed by the principal appellee, Comie G. Yaeger, on July 22, 1953, which was two days after she ceased to work for the appellant. Mrs. Yaeger's former employer resists the application, upon the ground that this employee voluntarily quit her job and upon the further ground that during her unemployment she has not been available for work. An Appeal Tribunal and the Board of Review successively allowed the claim for benefits, and the latter's action was affirmed by the circuit court.

In a proceeding of this kind the Board's findings of fact are conclusive "if supported by evidence," which of course means substantial evidence. Ark. Stats. 1947, § 81-1107 (d, 7). The only question now presented is whether the Board's award is supported by such evidence.

Mrs. Yaeger was employed by the appellant from 1939 until 1953. For five of those fourteen years she did clerical work in the shipping department, but during the rest of that period she was in charge of a "welcome wagon," calling upon newcomers to Little Rock and

other cities in an effort to increase the appellant's retail business. In July of 1953 the company decided that thereafter prolonged absences from Little Rock would be required in this work and that the position should be held by a man. Mrs. Yaeger was informed that her job had been abolished and was offered clerical work in the office, at the same salary. She tried this new job for one day and then refused to return, contending that a nervous condition from which she suffers is made worse by work of a confining nature. The Board found that the proffered indoor job was not suitable work for the claimant and that she was therefore justified in refusing to accept it.

It cannot be said that this finding is unsupported by substantial evidence. Mrs. Yaeger described her nervous affliction in some detail. She testified, without contradiction, that less than a year before she left the appellant's employment she had filled in at a similar clerical job for two weeks and had been so affected that she was on the verge of quitting every night. A physician who has treated Mrs. Yaeger over a period of seven years certified: "She is inclined to be somewhat nervous or emotional and her nervousness becomes aggravated by close or confining type work." The appellant argues that this medical opinion is entitled to no weight, for the reason that the doctor must have been relying upon Mrs. Yaeger's statements in arriving at his conclusion. The same contention could be made whenever a physician testifies that his patient suffers from headaches or other ailments having no outward manifestations. That circumstance does not render the testimony inadmissible under the strict rules of evidence, much less under the more informal procedure that obtains before these administrative agencies. Ark. Stats., § 81-1107 (d, 4). It is also contended that the physician's opinion is overcome by a contrary view expressed by a psychiatrist. This expert witness, however, had not examined Mrs. Yaeger, did not even know her name, and gave an opinion based entirely upon a statement of fact prepared by the employer. It was certainly the Board's privilege

to accept the view expressed by a doctor who had observed his patient over a period of years.

On the issue of availability for work it is shown that the claimant has registered with the Employment Service, has made the required reports to that office without having obtained work, and has applied to ten or more business concerns in her attempt to find a job. The statute provides that mere registering and reporting are not conclusive evidence of availability for work "unless the claimant is doing those things which a reasonably prudent individual would be expected to do to secure work." § 81-1105 (c). The appellant insists that Mrs. Yaeger should have been more diligent in her efforts to find other employment. But when the required standard of conduct is that of a reasonably prudent person, an issue of fact is presented unless the evidence could leave no disagreement among fair-minded men. The proof in this case is not so one-sided as it would have to be for us to set aside the Board's findings of fact.

Affirmed.

ROBINSON, J., dissents.

ROBINSON, J., dissenting. If Mrs. Yaeger left work voluntarily without good cause she is not entitled to compensation for the balance of the week that she left work plus five additional weeks. Ark. Stats., § 81-1106(a). It is agreed she quit her work voluntarily; did she do so without good cause? The Act sheds some light on this point. Section 81-1106(c)(2) provides: "No work shall be deemed suitable and benefits shall not be denied under this act to any otherwise eligible individual for refusing to accept new work under any of the following conditions: (a) If the position offered is vacant due to a strike, lockout, or other labor dispute; [the position offered her was not due to any of these causes] (b) if the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality; [her wages would have been the same in the new position and it cannot be said the con-

ditions of her new work would be less favorable to her than those prevailing for similar work in the locality] (c) if as a condition of being employed the individual would be required to join a company union or to resign from or refrain from joining any *bona fide* labor organization [these conditions did not exist.]''

Mrs. Yaeger had been with Terry for a long time; the company felt kindly toward her. She was relieved of the job she had been holding only because the job as it had existed was abolished. Terry no longer needed the services of Mrs. Yaeger, but since she was an old employee the company discharged ''Dorothy,'' the last office employee in point of time, and offered Mrs. Yaeger ''Dorothy's'' job. Mrs. Yaeger's salary would not have been reduced from the amount she had been receiving, which was more than the company had been paying ''Dorothy.'' The company offered Mrs. Yaeger a nice job in the office requiring no special skill; she claims such light duties would make her nervous, and was unwilling to try it for a week to see how she would get along. There is no showing that any other concern operates a Welcome Wagon or that there ever was a prospect of Mrs. Yaeger getting such a job from another concern. At the trial she had not found such a job, although she claimed she was diligently looking for one. Of course, in any circumstances Mrs. Yaeger had the right to quit her job, but in these circumstances I do not believe she had the right to quit at the expense of Terry.

Therefore I respectfully dissent.