Vickey DEATHERAGE *v.* Charles L. DANIELS,
Director of Labor and L. T. TINER

CA.79-99                                          590 S.W. 2d 62

October 31, 1979
Released for publication December 5, 1979

Appellant, *pro se.*

*Herrn Northcutt,* for appellee.

## PER CURIAM

The appellant was employed as a legal secretary by the law firm of the appellee, L. T. Tiner. The appellant applied for employment security compensation because of her alleged dismissal from her employment. The appellee, Mr. Tiner, contends she left her employment voluntarily. The

appellant was denied compensation, and an appeals referee found she had voluntarily left her job and was thus ineligible for compensation. Section 5(a) of the Employment Security Act provides an employee who quits work without good cause connected with the work is disqualified. Ark. Stat. Ann. § 81-1106(a) (Supp. 1979). The referee's finding was affirmed by the Board of Review. We must determine whether the record contains substantial evidence to support the conclusion that the appellant left her work voluntarily. *Terry Dairy Products Co., Inc.* v. *Cash,* 224 Ark. 576, 275 S.W. 2d 12 (1955).

The appellant, who was a full-time employee, testified she spoke with her employer, Mr. Tiner, on a Friday afternoon and asked him "how he would feel" about her becoming a part-time, rather than full-time employee. She explained to him that she wanted time to get started in her own insurance business. She testified further that his response was that it would be "fine" with him, but he wanted to check with his associate in the firm, and he would call her Monday. The appellant testified Mr. Tiner did not call her the following Monday, and that she had great difficulty getting in touch with him, but that she finally did so several days later.

Mr. Tiner took the position below, and the Director of Labor takes the position here, that the appellant left her employment voluntarily. At the hearing, Mr. Tiner did not deny telling her he "did not need her" anymore when the appellant spoke with him the week following their Friday afternoon conversation. When asked by the referee why he had told the appellant that, Mr. Tiner replied that the appellant had been out looking for other jobs, that she had used his telephone for personal calls and had on one occasion lied to him about her reason for being absent from work.

Although those statements about the appellant might have contributed to a contention that she was terminated by her employer for cause, that was not the issue below or here. The sole question is whether there is substantial evidence the appellant left her work voluntarily. There is not. The statements made by Mr. Tiner were conducive to a conclusion he terminated this employee. At no point did he state he

had given her a choice between full-time employment and termination. Nothing contradicts her alleged assumption she still had a job, at least on a part-time basis, until Mr. Tiner told her he no longer needed her.

Reversed with directions to the Employment Security Division, Department of Labor, to award unemployment compensation to the appellant to the extent she is entitled to it consistent with this decision.

JUDGE PENIX dissents.

MARIAN F. PENIX, Judge, dissenting. It is not unreasonable for an employer to expect his employee to be available for work the hours and days for which she is hired. In this case Ms. Deatherage indicated she was seeking other employment. Under such circumstances her employer was under no obligation to wait around wondering whether or not he still could rely on Ms. Deatherage. In order to run an efficient law office, an employer must have a reasonable assurance his secretary will be available for work and will not be out looking for other employment. Ms. Deatherage's initiative in seeking other employment is tantamount to her quitting her job voluntarily.

I respectfully dissent.