George BRADSHAW *v.* Charles L. DANIELS,
Director of Labor

CA 79-315                                    595 S.W. 2d 254
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Released for publication March 19, 1980

Appellant, *pro se.*

*Herrn Northcutt,* for appellee.

MARIAN F. PENIX, Judge. Claimant applied for benefits from Adjustment Assistance for Workers as provided under the Trade Act of 1974 (Public Law 93-618). Claimant had been employed nearly 15 years at Mohawk Rubber Company Plant at West Helena, Arkansas. His last day to be employed at Mohawk was June 6, 1979. Claimant applied for benefits and received one Trade Readjustment Allowance (TRA) check in the amount of $237.00.

The Trade Act of 1974 (Public Law 93-618) provides in Section 234, APPLICATION OF STATE LAWS:

> Except where inconsistent with the provisions of this chapter and subject to such regulations as the Secretary may prescribe, the availability and disqualification provisions of the State Law—
> (1) under which an adversely affected worker is entitled to unemployment insurance (whether or not he has filed a claim for such insurance), or
> (2) if he is not so entitled to unemployment insurance, of the State in which he was totally or partially separated, shall apply to any worker who files a claim for trade readjustment allowances . . .

This Public Law 93-618 provides that in determining an adversely affected worker's rights to TRA, the State agency will apply the availability and disqualification provisions of the paying State's Law.

Claimant's worksheet statement dated June 29 stated:

> I am presently self-employed in a refrigeration business. This business has been in operation for about two years. So far it has not been a profitable business as expenses have exceeded income from the business. I have not been spending any time in the operation of this business as my two sons, one is 23 years of age and one is 20 years of age, do all the work and operate the business by themselves. Because of this, I am available for any suitable, full-time permanent work. During the time this refrigeration business has been in operation I have worked full time in the Mohawk Rubber Company

Plant. I will take any full-time permanent job, if offered, if the rate of pay is comparable to the wages I received at Mohawk Rubber.

Signed, George Bradshaw

The Agency determined claimant was not eligible to receive unemployment benefits nor was he eligible to receive benefits from TRA. The decision reads "You are self-employed in the refrigeration business and have been for two years. You are actively engaged in business. Decision: Not eligible beginning June 12."

Claimant appealed the Agency decision. The notice of his hearing before the Appeals Referee stated the issue to be determined was whether the claimant was available and actively seeking employment.

In claimant's testimony before the Appeals Referee he stated he had an opportunity to buy a heating and air-conditioning-refrigeration business out over two years ago. He further stated he had to put up his home, had received a small loan, had incorporated with his sons, and had been helping them when he could. He testified he had not received any payment whatsoever out of his business. Claimant introduced an Employer's Quarterly Contribution Wage Report for the business with several people's names, but the claimant's name was not among those listed.

The claimant testified he had talked to one person about a job, but the rate of pay was $3.25 per hour so he didn't apply. He also stated his brother in Beaumont, Texas was supposed to be getting him some job applications from plants in Texas, but he had not received them.

The Appeals Tribunal found the claimant to be ineligible for TRA under Section 4(c) of the Arkansas Employment Security Law. The Tribunal determined the claimant was not available for work nor doing those things a reasonably prudent individual would be expected to do to secure work under the provisions of Section 4(c).

On appeal to the Board of Review the Board adopted the

Tribunal's decision and held it to be correct as to findings of fact and conclusions of law. The Agency's Overpayment Determination was held to be correct under Section 6(f)(2) of the Arkansas Employment Security Law. Section 6(f)(2) provides:

> If the Commissioner finds that any person has received any amount as benefits under this Act to which he was not entitled by reasons other than fraud, willful misrepresentation, or willful non-disclosure of facts, such person shall be liable to repay such amount to the Fund or in lieu of requiring the repayment, the Commissioner may recover such amount by deduction from any future benefits payable to such person under this Act unless the Commissioner finds that the overpayment was received without fault on the part of the recipient and its recovery would be against equity and good conscience . . . .

After a careful review of the record we find there is substantial evidence upon which the Appeals Tribunal decision was made and affirmed by the Board of Review. *Terry Dairy Products Co., Inc. v. Cash,* 224 Ark. 576, 275 S.W. 2d 12 (1955).

Affirmed.