Nancy BUCKLEY *v.* Charles L. DANIELS, Director
of Labor and U. A. CINEMA

CA 79-280                                    597 S.W. 2d 98
Court of Appeals of Arkansas
Opinion delivered March 5, 1980
Petition for rehearing denied March 26, 1980
Petition for review denied April 21, 1980
Released for publication April 23, 1980

Appellant, *pro se.*

*Herrn Northcutt,* for appellees.

GEORGE HOWARD, JR., Judge. Claimant was denied benefits under Section 5(a) of the Employment Security Law on the grounds that she left her last employment voluntarily and without good cause connected with her work.

Claimant, who was employed as a janitor, testified that the manager of the U.A. Cinema called her one evening at her home and advised her to turn in the keys and that she was "laid off." On the other hand, the manager testified that the claimant voluntarily quit. The claimant denies this. The testimony of the parties alone is evenly balanced. The claimant has the burden of proof to establish her case by a preponderance of the evidence. If we were limited to just the testimony of the parties, we would be required to affirm the action of the Board of Review, but we are persuaded that

there is other relevant evidence in the record which tips the scales in claimant's favor.

The record reflects that almost immediately after claimant was employed as a janitor, problems developed with reference to the number of hours claimant was required to work each day and the hourly wage rate she was to receive.

Claimant filed a complaint with the United States Department of Labor, Wage and Hour Division, and requested an investigation of the working conditions and the wages paid. As a consequence of an investigation, the United States Labor Department found that claimant was "improperly paid due to the fact you were not paid at least the federal minimum wage required by the Act ($2.90 per hour) for all the hours you worked." The respondent advised the Labor Department that it would reimburse the claimant $284.20 which represented the unpaid wages.

Under these circumstances, we are not persuaded that there is substantial evidence to support the holding of the Board of Review and, accordingly, we reverse and remand for proceedings not inconsistent with this holding.

Reversed and remanded.

NEWBERN, J., dissents.

DAVID NEWBERN, Judge, dissenting. We have often held that the board of review decision in an employment security benefits case will be affirmed if there is substantial evidence to support it. For this proposition we cite, equally often, *Terry Dairy Products Company* v. *Cash, Comm'r of Labor,* 224 Ark. 576, 275 S.W. 2d 12 (1955).

In this case the majority says if we relied on the testimony we would have to affirm. That statement says clearly that there is substantial evidence in favor of the board's conclusion. It can be construed no other way.

What follows, in the majority opinion, is a consideration of other evidence and discussion of the preponderance of the evidence. If we mean it when we apply the substantial

evidence test in other cases, I cannot understand this one at all. Therefore, I respectfully dissent and would affirm the board's decision even though, as the majority, I might have reached a different result had I been in the position of the board and faced with a question of where the preponderance of the evidence lay.