John C. FRIERSON *v.* Charles L. DANIELS, Director of Labor and Roy L. SHARPE, Postmaster, U.S. Postal Service

CA 80-19                              600 S.W. 2d 446
Court of Appeals of Arkansas
Opinion delivered June 11, 1980
Released for publication July 2, 1980

Appellant, *pro se*.

*Herrn Northcutt*, for appellees.

JAMES H. PILKINTON, Judge. Appellant has appealed from a decision of the Arkansas Employment Security Board of Review dneying him benefits under the provisions of Section 5(b)(1) of the Arkansas Employment Security Act. It was determined by the Board of Review that appellant had been discharged from his work for misconduct in connection with his employment.

The evidence shows that the appellant had worked for the U.S. Postal Service, the employer, as a letter carrier for approximately four years prior to being discharged. His last day of work was on November 27, 1979. The record shows that prior to being discharged appellant had on seven occasions been issued letters of warning, had been suspended, or counselling concerning conduct which his employer considered to be unacceptable. The final instance which brought about his seventh and last disciplinary measure occurred when he failed to properly secure the Jeep he was using in making his deliveries. As a result the Jeep rolled forward while unoccupied and struck another vehicle. Although appellant had been instructed during the drivers' training course given to all letter carriers that any vehicle accident must be promptly reported to the postal officials and to the police, the evidence shows that the appellant did not report the accident. The postal regulations also provided that under these circumstances the vehicle is not to be moved until the accident has been reported to the police and investigated. The evidence shows that the appellant moved the vehicle from the scene of the accident, and failed to notify the police or employer of the accident. The record shows that the first indication the employer had that the appellant's Jeep had been involved in an accident was when the owner of the other vehicle contacted the employer. The employer then sent a representative to contact the claimant and to make an investigation about the accident.

Section 5(b)(1) of the Arkansas Employment Security Act [Ark. Stat. Ann. § 81-1106(b)(1) (Repl. 1976)] provides

a disqualification for claimants who are discharged from their last work for misconduct in connection with the work.

The Board of Review concluded from the evidence in this case that the appellant had been discharged from his employment for misconduct in connection with the work within the meaning of Section 5(b)(1) of the act. The Board of Review specifically found that the failure of appellant to immediately advise his employer that the vehicle he was driving had been involved in an accident, together with his failure to notify the police of the accident, and his refusal to remain at the scene until the accident was investigated, demonstrated a deliberate disregard of the standards of behavior which his employer had a right to expect of him. The Board of Review found that these actions of the appellant constituted misconduct in connection with his work. A careful review of the record shows that there is substantial evidence to support the findings and decision of the Board of Review. Therefore it is the duty of this court on appeal to affirm. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978); *Terry Dairy Products Company, Inc.* v. *Cash, Commissioner of Labor*, 224 Ark. 576, 275 S.W. 2d 12 (1955).

The decision of the Board of Review denying the claimant benefits under the provisions of Section 5(b)(1) of the Arkansas Employment Security Act is affirmed on the finding that there is substantial evidence to support the decision of the Board of Review that appellant was discharged from his employment for misconduct in connection with the work within the meaning of this section of the law. As determined by the Board of Review, appellant is denied benefits for eight weeks as defined in subsection (i) of this section of the act.