Ralph SMITH *v.* Charles L. DANIELS,
Director of Labor, and SWAFFORD HEATING

CA 80-115                                                601 S.W. 2d 235
Court of Appeals of Arkansas
Opinion delivered June 25, 1980
Released for publication July 8, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellees.

STEELE HAYS, Judge. This appeal is from a denial of un-employment compensation benefits based upon a determina-tion that the claimant voluntarily left his last place of employ-ment without good cause in connection with the work, dis-qualifying him for benefits until he has had thirty days of covered employment. The disqualification is pursuant to Sec-tion 5(a) of the Arkansas Employment Security Law, which reads:

> Voluntarily leaving work. (a) If he voluntarily and without good cause connected with the work, left his last work. Such disqualification shall continue until, subse-

quent to filing his claim, he has had at least thirty days of covered employment.

The Appeals Tribunal determined that the claimant had become employed by Swafford Heating and Air Conditioning Company and had worked on Friday, October 19, 1979, and on Monday, October 22, 1979. After working two days, claimant contends that he contracted the flu and sinus trouble and called in to say he was going to the doctor. He stated that he went to see Dr. Morgan, but that when he was able to return to work, instead of returning to Swafford Heating and Air Conditioning he went back to his regular employer, Climate Control. It appears that claimant worked at Climate Control until the week ending November 2, 1979, at which time he was laid off because of lack of work.

This case is unusual in that it appears that claimant's employment by Climate Control overlapped his employment by Swafford Heating and Air Conditioning. There is evidence that claimant returned to Climate Control after working at Swafford Heating and Air Conditioning, and it is claimant's contention that he was on leave of absence from Climate Control when he worked briefly at Swafford Heating "to see how he would like it."

With reference to the decision of the Board of Review regarding the termination of claimant's employment at Swafford Heating and Air Conditioning Company, we find ample evidence of a substantial nature to affirm the decision that claimant's departure from Swafford Heating and Air Conditioning Company was voluntary and that Swafford Heating and Air Conditioning Company had work which claimant was capable of performing. Where there is substantial evidence to support the decision of the Board of Review, we must affirm. *Terry Dairy Products, Inc.* v. *Cash*, 224 Ark. 576, 275 S.W. 2d 12 (1955).

With reference to claimant's contention that Climate Control, and not Swafford Heating and Air Conditioning Company, was his last employer, we note that Climate Control was not a party as they would have a right to be; furthermore, the record shows that when the original claim for

benefits was filed on November 19, 1979, claimant gave Swafford Heating and Air Conditioning Company as his last employer.

The denial of benefits as to Swafford Heating and Air Conditioning Company based upon section 5(a) is affirmed. This decision is without prejudice to any rights the claimant may have with respect to his employment by Climate Control.

Affirmed.