Harvey HAM *v.* Charles DANIELS,
Director of Labor, and CAPITAL TYPEWRITER

E 80-48                                    606 S.W. 2d 604

Court of Appeals of Arkansas
Opinion on Rehearing delivered October 29, 1980

Appellant, *pro se*.

*Herrn Northcutt*, for appellees.

DAVID NEWBERN, Judge. We granted a rehearing in this case because the appellant called to our attention correspondence in the record by which persons who had been described by his employer at the hearing before the appeals tribunal as being dissatisfied with services rendered to them by the appellant had denied being dissatisfied. Of course, the letters became part of the record after the hearing and before the board of review dealt with the matter. Because of the abbreviated nature of the board of review opinion, we are unable to tell the extent to which the letters were considered by the board of review.

A careful reexamination of the entire record, however, convinces us that even had the board of review given the letters in question the fullest consideration to which they were entitled, there was substantial evidence, consisting of the testimony of the appellant's employer to sustain the board's affirmance.

The employer testified the appellant had been at least

*Originally affirmed without opinion pursuant to Supreme Court Rule 21 (2) on September 10, 1980.

indifferent to his duties and had stated it really did not matter that he mixed up typewriter deliveries. That testimony shows actions by the employee which were not in his employer's best interest. It was supportive of the finding the employee was disqualified from benefits, having been discharged for misconduct. Ark. Stat. Ann. § 81-1106(b)(1) (Repl. 1976). Having found substantial evidence in support of the board's decision, we must affirm. *Terry Dairy Products, Inc.* v. *Cash*, 224 Ark. 576, 275 S.W. 2d 12 (1944); *Deatherage* v. *Charles L. Daniels, et al.*, 267 Ark. 683 590 S.W. 2d 62 (Ark. App. 1979).

Affirmed.

Chief Judge Wright and Judge Hays and Howard dissent.