Robert TAYLOR *v.* William F. EVERETT,
Director of Labor

E 81-81                                    617 S.W. 2d 864

Court of Appeals of Arkansas
Opinion delivered July 1, 1981

MELVIN MAYFIELD, Chief Judge. The appellant in this case had been "laid off" from work five or six weeks and was receiving unemployment benefits. His employer called him back to work for a week during which he earned $549.69 but reported to the Employment Security Division that he was unemployed and had no earnings during that week. As a result, he received benefits in the amount of $100.00 to which he was not entitled.

The Employment Security Division determined that appellant received benefits because he willfully made a false statement or misrepresentation of a material fact, that he was liable to repay the $100.00 received, and was disqualified from receiving benefits for fifteen (15) weeks.

The appellant repaid the $100.00 but appealed the disqualification. Both the Appeal Tribunal and the Board of Review held against him.

The appellant testified that he did not intend to receive benefits to which he was not entitled. He said he had not been paid for the work he did during the week involved and therefore believed he was entitled to draw benefits for that week. He also testified that when he started drawing benefits he did not make a claim for the first week he was off work because he received a check that week for the work he had done the week before.

The Arkansas Employment Security law, enacted by the General Assembly of the state, provides that a claimant may appeal from a decision of the Board of Review to the Court of Appeals *"Where the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law."*

The Arkansas Supreme Court and the Arkansas Court of Appeals have both held that findings of fact made by the board should be affirmed if supported by substantial evidence. *Terry Dairy Products Co., Inc.* v. *Cash*, 224 Ark. 576, 275 S.W. 2d 12 (1955); *Deatherage* v. *Daniels*, 267 Ark. 683, 590 S.W. 2d 62 (Ark. App. 1979).

The appellant worked a week and earned $549.69 but he filled out his card for that week saying he *did not work* and that he had no earnings.

Whether this was done willfully in order to receive unemployment benefits is a question of fact. This court does not know any more about that than the Board of Review knows and the law provides that the Board is to make the factual determination. It is the duty of this court to affirm that determination if supported by substantial evidence and the Supreme Court has said:

Even though there is evidence upon which the Board of Review might have reached a different result, the scope of judicial review is limited to a determination whether the board could reasonably reach its results upon the evidence before it and a reviewing court is not privileged to substitute its findings for those of the board

even though the court might reach a different conclusion if it had made the original determination upon the same evidence considered by the board. (Citations omitted.) Even if the evidence is undisputed, the drawing of inferences is for the board, not the courts. (Citation omitted.)

*Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954.(1978).

Affirmed.

CRACRAFT, COOPER and CLONINGER, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. This is an appeal from a decision of the Arkansas Board of Review which affirmed an agency determination that appellant had willfully made a false statement or willfully misrepresented a material fact when filing a claim for benefits. As a result of this finding, the Board disqualified appellant from receiving benefits for fifteen weeks under the provisions of Ark. Stat. Ann. § 81-1106 (h) (2) (Repl. 1976). That section also provides that:

> ... any weekly benefits payable subsequent to the date of delivery or mailing of the determination shall be reduced 50% rounded to the next highest dollar and the remainder of maximum benefits shall be reduced accordingly. Provided that such reduction shall apply only to benefits payable within the benefit year of the claim with respect to which claimant willfully made a false statement or representation. Provided that such disqualification shall not be applied after 2 years have elapsed from the date of the delivery or mailing of the determination of disqualification under this section but all overpayments established by such determination of disqualification shall be collected as otherwise provided by this act.

The appellant was drawing unemployment benefits and filed a claim for the week ending February 16, 1980. The claim form contained an affirmation that the claimant had not worked that week and that he had had no earnings

during that week. Appellant had actually earned the sum of $549.69 but the testimony revealed that he was paid on a two-week basis and at the time he filed his claim he had not received any of that money. Appellant received the sum of $100.00 in unemployment benefits. The record reflected that when appellant first filed for benefits, he did not make a claim for a week at the end of which he received a check, although that check did not cover work actually done during that week, nor was it for wages for work performed during that week. Appellant has already repaid the $100.00 to the Department.

Arkansas Statute Annotated § 81-1103 (m) (Repl. 1976 & Supp. 1979), provides as follows:

(m) Unemployment. (1) An individual shall be deemed "unemployed" with respect to any week during which:
(A) he performs no services, and
(B) no wages are payable to him with respect to that week, or if wages are payable to him for any week of less than full time work, such wages are less than one hundred and forty percent (140%) of his weekly benefit amount, and
(C) he is not on vacation. ...

In this case appellant testified that he believed since he had not drawn wages for a week, even though he had worked during that week, he was entitled to draw benefits. He likewise testified that he believed that on the front end, since he did draw wages at the end of a week during which he had done no work, he was not entitled to benefits during that week. Appellant was totally consistent in his approach to the requirements as to eligibility for benefits. The question in this case is whether or not appellant willfully made a false statement or willfully misrepresented a material fact when he filed his claim for benefits. The evidence is uncontradicted that appellant did file a claim for a week during which he was not entitled to benefits but his testimony does not support a conclusion that he *willfully* misrepresented a material fact. In reviewing cases from the Board of Review, we are required to affirm if there is any substantial evidence to support the findings of the Board. Ark. Stat. Ann. §

81-1107 (d) (7) (Supp. 1979). However, I do not believe that the Legislature intended for the mere act of filing a claim which contains a false or incorrect statement to constitute substantial evidence as it is defined by statute. If that were the case, every case where a claimant received benefits to which he was not entitled as a result of a false or incorrect statement would automatically subject him to the penalties under Ark. Stat. Ann. § 81-1106 (Repl. 1976).

Thus, I find that the substantial evidence rule requires evidence beyond the simple proof that a false or incorrect statement was made on a claim form. Since there is no other evidence in this record to support a finding of willful misrepresentation of a material fact, I would reverse and remand to the Board of Review with directions to enter an order modifying the original determination so as to set aside any disqualification of appellant.

I am authorized to state that Judge Cloninger and Judge Cracraft join in this dissenting opinion.