Frankie EXSON *v.* William F. EVERETT, Director
of Labor, and SIEMENS -ALLIS

E 83-44                                            656 S.W.2d 711

Court of Appeals of Arkansas
Division I
Opinion delivered September 14, 1983

*Youngdahl & Larrison,* by: *Jay Thomas Youngdahl,* for appellant.

*Bruce H. Bokony,* for appellee.

JAMES R. COOPER, Judge. In this unemployment com - pensation case, the appellant was awarded benefits by the agency and the Appeal Tribunal. The Board of Review reversed, based on a finding that the appellant had been discharged for misconduct in connection with the work. From that decision, comes this appeal.

The appellant, Frankie Exson, was employed by the appellee, Siemens -Allis, as a boring machine operator. On August 13, 1982, the appellant was discharged for making defective parts. The appellee contended that the appellant was discharged because he had repeatedly failed to follow the required procedure for checking his machine for a concentricity measurement at the beginning of each of his shifts. The failure to check in this case resulted in $2,500.00 worth of defective parts being produced. The parts were salvageable, but it was at considerable cost of time and money to the appellee. The appellee argued that since the appellant had been working for the company for over four years and had twice before been reprimanded, he was familiar with the proper procedures, but continually failed to use them.

The appellee has a progressive disciplinary policy. The first error by an employee warrants a verbal warning. The second error results in a three-day suspension. If a third error is committed by the employee, a discharge may be ordered. In the case at bar, the appellant had been given both the verbal warning and the three-day suspension before the last incident occurred.

The appellant claims that the first parts he ran during the relevant period of time were checked and approved by quality control personnel, and therefore he was unaware of any defects. Although the appellant admitted that it was his responsibility for making a daily check of his machinery, he argued that he had made an inadvertent error on the days involved because of the increased demand for the parts by the appellee.

Arkansas Statutes Annotated § 81-1106 (b) (1) (Repl. 1976) provides that an employee is disqualified from receiving unemployment compensation benefits if he is discharged from his last employment for misconduct in connection with the work. In order for an employee's action to constitute misconduct so as to disqualify him, the action must be a deliberate violation of the employer's rules, an act of wanton or willful disregard of the employer's best interests, or a disregard of the standard of behavior which the employer has a right to expect of his employees. *Brewer* v. *Everett,* 3 Ark. App. 59, 621 S.W.2d 883 (1981); *Stagecoach Motel* v. *Krause,* 267 Ark. 1093, 593 S.W.2d 495 (Ark. App. 1980).

In *Willis Johnson Co.* v. *Daniels,* 269 Ark. 795, 601 S.W.2d 890 (Ark. App. 1980), this Court stated that:

Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or good faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employ-

er's interests of or an employee's duties and obligations. [Citation omitted.]

Whether an employee's action constitutes misconduct in connection with the work or merely results from inefficiency, unsatisfactory conduct, or unintentional failure of perform - ance is a question of fact for the Board of Review. *Arlington Hotel* v. *Employment Security Division,* 3 Ark. App. 281, 625 S.W.2d 551 (1981).

In *Ham* v. *Daniels,* 270 Ark. 961, 606 S.W.2d 604 (Ark. App. 1980), this Court stated:

> The employer testified the appellant had been at least indifferent to his duties and had stated it really did not matter that he mixed up typewriter deliveries. That testimony shows actions by the employee which were not in his employer's best interest. It was supportive of the finding the employee was disqualified from benefits, having been discharged for misconduct. Ark. Stat. Ann. § 81 -1106 (b) (1) (Repl. 1976). Having found substantial evidence in support of the board's decision, we must affirm. [Citations omitted.]

On appeal, this Court is required to review the evidence in the light most favorable to the decision reached by the Board of Review and to affirm the decision if it is supported by substantial evidence. *Harris* v. *Daniels,* 263 Ark. 897, 567 S.W.2d 954 (1978). Substantial evidence has been defined as such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Victor Industries Corp.* v. *Daniels,* 1 Ark. App. 6, 611 S.W.2d 794 (1981). In the case at bar, we find substantial evidence that the appellant's recur - rent errors concerning his machinery constituted a sub - stantial disregard of the employer's best interests and the appellant's own duties and obligations.

Affirmed.

CLONINGER & GLAZE, JJ., agree.