RICELAND FOODS, INC. *v.* DIRECTOR OF LABOR
and Alfred Crenshaw

E 91-119                                      832 S.W.2d 295

Court of Appeals of Arkansas
Division I
Opinion delivered June 10, 1992

*Ramsay, Bridgforth, Harrelson & Starling*, by: *Spencer F. Robinson*, for appellant.

*Ronald A. Calkins*, for appellee.

MELVIN MAYFIELD, Judge. In this unemployment compensation case the employer has appealed a decision of the Arkansas Board of Review holding that appellee Alfred Crenshaw was discharged from his last work for reasons other than misconduct connected with the work.

In response to the Drug-Free Workplace Act of 1988 (41 U.S.C. §§ 701-707 (1988)), the employer developed a Fitness for Work Policy concerning the use and possession of drugs and alcohol and the means by which to detect their use and possession by its employees. The policy stated:

> AS A CONDITION OF YOUR EMPLOYMENT WITH RICELAND FOODS, INC., OR ONE OF ITS AFFILIATED GRAIN DRIERS, YOU MUST AGREE TO ABIDE BY THE FOLLOWING POLICY. ANY EMPLOYEE WHO DOES NOT AGREE TO ABIDE BY THE FOLLOWING POLICY SHOULD IMMEDIATELY NOTIFY THE COMPANY OF HIS INTENT TO TERMINATE HIS EMPLOYMENT.

Section 9 of the Company Policy provided:

> *All hourly and salaried employees will be required to submit to routine scheduled examinations and testing.* Persons determined to be in violation of this policy or who refuse to submit to an examination will be removed from the work site and may be discharged.

On May 5, 1989, appellee Crenshaw consented to that policy by signing a form entitled "Drug-Free Certification" which stated:

> I, Alfred Crenshaw, have read and understand Riceland Foods, Incorporated and its Affiliated Grain Driers "Fitness For Work" Policy, and do hereby agree to abide by this Policy as long as I remain employed by Riceland Foods, Incorporated or an Affiliated Grain Drier. Also, by signing below, I am stating that I have received a personal copy of this Policy.

> I further certify that I am now drug-free, and will remain so for as long as I am employed by Riceland Foods, Incorporated or an Affiliated Grain Drier.

On July 6, 1989, Crenshaw was discharged when he refused to

submit to the test.

The Appeal Tribunal reversed a decision of the Agency which denied benefits. The Board of Review affirmed the Appeal Tribunal. On appeal to this court the employer argues that the decision of the Board of Review is not supported by substantial evidence. Appellant argues Crenshaw was discharged because he willfully and knowingly disregarded a legitimate interest of his employer, and deliberately disregarded a standard of behavior which his employer had a right to expect of him. Appellant contends a deliberate violation of the employer's rules is sufficient to constitute misconduct.

Ark. Code Ann. § 11-10-514(a)(1)(Supp. 1991) provides: "If so found by the director, an individual shall be disqualified for benefits if he is discharged from his last work for misconduct in connection with the work." As we explained in *Exson* v. *Everett, Director,* 9 Ark. App. 177, 656 S.W.2d 711 (1983):

> In order for an employee's action to constitute misconduct so as to disqualify him, the action must be a deliberate violation of the employer's rules, an act of wanton or willful disregard of the employer's best interests, or a disregard of the standard of behavior which the employer has a right to expect of his employees.

9 Ark. App. at 179.

Here the evidence shows that Crenshaw received a copy of the Fitness for Work Policy and signed a form agreeing to abide by that policy. He testified he had read the policy; that he signed the agreement and certification; that he understood Section 9 would apply to all employees; and that he never had any discussion with Mr. Holloway, the employer's manager, about the policy. Crenshaw testified further that he never had any intention of ever taking "that test" and the only reason he signed "that thing" was because Mr. Holloway told him, if he didn't sign it, it was automatic dismissal.

It is well established that the findings of fact by the Board of Review are deemed conclusive if they are supported by substantial evidence. *Shipley Baking Co.* v. *Stiles,* 17 Ark. App. 72, 703 S.W.2d 465 (1986). However, as we said in *Shipley:* "We

are not at liberty to ignore our responsibility to determine whether the standard of review has been met." 17 Ark. App. at 74.

■ After reviewing the evidence in the present case we cannot conclude the Board's finding is supported by substantial evidence. The Board's decision stated, and the appellees in this case admit, that there are no provisions concerning drug testing in the Drug-Free Workplace Act; but the Board held, and the appellees argue, that the appellant's action in this case was encouraged by provisions in the Act which require a certification that contractors with the federal government must certify they have a drug-free workplace. Thus, the appellees argue that the Board was correct in considering the prohibitions of the Fourth Amendment of the United States Constitution in making its decision. Now the opinion of the Board concedes, and the appellees admit, that these constitutional protections would not apply if Crenshaw consented to the drug testing policy. *See Alexander v. State*, 255 Ark. 155, 499 S.W.2d 849 (1973). But it is argued that Crenshaw's consent was given under duress and cannot be considered voluntary. It is contended that in determining whether consent was voluntary, the vulnerable state of the person consenting must be considered. As authority, appellees cite *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). We do not think that case is applicable because our supreme court held in *Ellis v. First National Bank of Fordyce*, 163 Ark. 471, 260 S.W. 714 (1924), that it is not duress to threaten to do that which a party has a legal right to do; and in *Griffin v. Erickson*, 277 Ark. 433, 642 S.W.2d 308 (1982), the court said: "Generally, a contract of employment for an indefinite term is a 'contract at will' and may be terminated by either party." 277 Ark. at 436-37. The court in *Griffin* also said that its cases have adhered to the principal that either party has an absolute right to terminate the relationship and concluded:

> It is quite clear, therefore, that in the absence of some alteration of the basic employment relationship, an employee for an indefinite term is subject to dismissal at any time without cause.

277 Ark. at 437.

There is no evidence in the instant case that Crenshaw was

employed for a definite term or that there was any alteration of the basic employment relationship.

Thus, we cannot agree there is substantial evidence to support the holding that Crenshaw's agreement to be tested was obtained under duress.

Reversed and remanded for the Board to enter an order denying appellee Crenshaw's claim for unemployment compensation.

COOPER and JENNINGS, JJ., agree.