Esther GREENBERG *v.* DIRECTOR, Employment Security
Department, and Checkbureau, Inc.

E 95-181                                    922 S.W.2d 5

Court of Appeals of Arkansas
En Banc
Opinion delivered May 22, 1996

*Appellant,* pro se.

*Allan F. Pruitt,* for appellees.

JOHN F. STROUD, JR., Judge. Appellant, Esther Greenberg, applied for unemployment compensation benefits after she was discharged by her employer, Checkbureau, Inc., for poor job performance. The Arkansas Employment Security Department determined that appellant was entitled to benefits under Ark. Code Ann. § 11-10-514 (Supp. 1995) because she was discharged from her last work for reasons other than misconduct. Checkbureau appealed that determination to the Arkansas Appeal Tribunal, which affirmed the Department's finding. Checkbureau then appealed the Tribunal's decision to the Board of Review, and the Board reversed the Tribunal's findings and found that appellant was disqualified for benefits because she was guilty of misconduct connected with her work. We reverse.

A person is disqualified from benefits if she is discharged from her last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (Supp. 1995). "Misconduct," for purposes of unemployment compensation, involves: (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer. *George's, Inc.* v.

*Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995). There is an element of intent associated with a determination of misconduct. *Id.* In *Willis Johnson Co. v. Daniels*, 269 Ark. 795, 601 S.W.2d 890 (Ark. App. 1980), this Court stated that:

> Mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertencies, ordinary negligence or good faith errors in judgment or discretion are not considered misconduct for unemployment insurance purposes unless it is of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or an employee's duties and obligations. [Citation omitted.]

Whether the employee's acts are willful or merely the result of unsatisfactory conduct or unintentional failure of performance is a fact question for the Board to decide. *George's, Inc., supra.*

On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* This Court will determine whether the Board could reasonably reach its results upon the evidence before it, but will not replace its judgment for that of the Board even though this Court might have reached a different conclusion based upon the same evidence the Board considered. *Sadler v. Stiles*, 22 Ark. App. 117, 735 S.W.2d 708 (1987). However, we are not at liberty to ignore our responsibility to determine whether the standard of review has been met. *Riceland Foods, Inc. v. Director*, 38 Ark. App. 269, 832 S.W.2d 295 (1992). When the Board's decision is not supported by substantial evidence, this court will reverse. *Sadler, supra.*

After reviewing the evidence in the present case, we cannot conclude that the Board's finding is supported by substantial evidence. The employer stated that appellant was discharged for poor job performance, and the evidence showed that appellant was incompetent as a legal secretary. She failed to properly spell check documents, failed to mark dates on her employer's calendar, and failed to include important documents with a letter sent to an opposing party. In addition, the employer had documented instances of absenteeism and tardiness.

■ The Board found that appellant's failure to mark her employer's calendar on at least two occasions and her failure to include certain documents in a letter sent to an insurance company indicated an intentional disregard of the employer's interests. We hold that a reasonable mind would not accept this evidence as adequate to support the conclusion that appellant's conduct was of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of her employer's interests or her duties and obligations. The case is reversed and remanded to the Board for such further proceedings as may be necessary to determine the appellant's eligibility for benefits and the amount and duration of those benefits.

Reversed and remanded.

MAYFIELD, NEAL, and GRIFFEN, JJ., agree.

PITTMAN and COOPER, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. Ordinarily, I would not write a dissent to an opinion in an unbriefed Employment Security Department case, but the majority's decision to reverse the Board's factual determination is so radical a departure from the scope of our appellate review, and is premised upon such an extreme deviation from the standard to which we are obliged to adhere, that it should not pass without comment.

Our review of Board of Review decisions is defined by Ark. Code Ann. § 11-10-529 (1987). Our jurisdiction is statutorily confined to questions of law and, if supported by the evidence and in the absence of fraud, the findings of the Board of Review as to the facts are conclusive. Ark. Code Ann. § 11-10-529(c)(1). The majority states this standard of review correctly, then ignores it and summarily reverses the Board's finding of misconduct.

An individual is disqualified for benefits if he is discharged from his last work for misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) (1987). Ordinary negligence or errors are not considered misconduct under this statute unless they are of such degree or recurrence as to "manifest culpability, wrongful intent, evil design, or an intentional or substantial disregard of an employer's interests or of an employee's duties and obligations." *Perry* v. *Gaddy*, 48 Ark. App. 128, 891 S.W.2d 73 (1995). Whether the employee's acts are willful or merely the result of unsatisfactory

performance is a fact question for the Board to decide. *George's Inc.* v. *Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995).

As noted above, the Board's fact findings are conclusive on judicial review if supported by substantial evidence. In determining whether substantial evidence exists to sustain the Board's findings, we are required to give the successful party the benefit of any inference that can be drawn from the testimony. *Arlington Hotel* v. *Employment Security Division*, 3 Ark. App. 281, 625 S.W.2d 551 (1981).

Far from giving the successful party in this case "the benefit of every inference," the majority has strained to reverse. The majority opinion notes that the appellee, employed as a legal secretary, failed to properly spell-check documents, failed to mark dates on her employer's calendar, and failed to include important documents with a letter sent to an opposing party.

What the majority opinion does not reveal is that these were not isolated instances. The record shows that the appellant repeatedly failed to spell-check documents as she typed. The appellant claimed to have spell-checked the documents and blamed the recurrent errors on a computer malfunction. However, an employer representative testified that he watched as the appellant spellchecked a document which she claimed to have spell-checked previously, and observed that the computer stopped at the errors he had noted on his printed copy. Nor was the failure to mark dates on her employer's calendar an isolated event. The record shows that, despite being repeatedly instructed that her first priority was to ensure that scheduled court appearances were marked on her employer's calendar, the employer missed two court hearings because the appellant failed to mark his calendar. The majority fails altogether to note evidence that the appellant repeatedly made errors in billing clients, and that such errors continued to occur even after the problem was brought to the appellant's attention.

The Board specifically found that the appellant was discharged for misconduct in connection with the work, reasoning that the instances of the appellant's failure to follow specific instructions were so numerous that her actions indicated more than a mere inability to perform the work in a satisfactory manner. This conclusion that recurrent negligence may warrant a finding of misconduct

is supported by our decisions. *See, e.g., Perry v. Gaddy, supra; Nibco, Inc. v. Metcalf,* 1 Ark. App. 114, 613 S.W.2d 612 (1981).

I dissent.

PITTMAN, J., joins in this dissent.