Entron ROLLINS *v.* DIRECTOR, Employment Security
Department, and Lamb And Associates, Inc.

E 95-240                                    945 S.W.2d 410

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered June 11, 1997

No briefs filed.

OLLY NEAL, Judge. Appellant, Entron Rollins, appeals the decision of the Arkansas Board of Review disqualifying him from receiving unemployment compensation benefits based on a finding that he was discharged for misconduct connected with the work. The issue before us, in this appeal submitted without briefs, is whether the Board's decision is supported by substantial evidence. We hold that it is not and reverse.

Appellant worked for the employer as a machine helper for more than a year. The employer manufactures corrugated containers. On May 9, 1994, appellant entered the break room and found his lunch sitting on a trash can. Appellant asked the cleaning man if he knew who put his lunch on the trash can. The cleaning man kiddingly said he put the lunch there. During the exchange between appellant and the cleaning man, a co-worker, Carl Jones, intervened, telling appellant that the cleaning man did not put the lunch on the trash can and implying that he knew who did. Appellant responded to Jones saying, "I'm not talking to you. This is between [me] and this guy. What are you talking about? You need to shut up." Jones responded, "You make me shut up." Appellant declined and walked out of the breakroom. Jones followed appellant out of the breakroom and according to appellant "got nose to nose, right up in my face." Jones then drew back his arm and it appeared to appellant that appellant was

going to be hit by Jones. Appellant grabbed Jones to avoid being hit. They struggled until the supervisors came and broke them apart. Appellant had started outside to smoke a cigarette, when Jones struck him from behind with a two-by-four. As Jones prepared to hit appellant a second time, appellant ran into him to keep from being hit. They again struggled until the supervisors separated them.

The Board found that the appellant twice retreated from violence with Jones and only fought to the extent necessary and reasonable to protect himself from physical attacks. However, the Board found that appellant's "harsh and provocative" speech led directly to violent events and, as such, constituted misconduct connected with the work.

On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. *George's Inc. v. Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Our review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

Arkansas Code Annotated § 11-10-514(a)(1) (Repl. 1996) provides that an individual shall be disqualified for benefits if he is discharged from his last work for misconduct in connection with the work. "Misconduct," for purposes of unemployment compensation, involves: (1) disregard of the employer's interest, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer. *Greenberg v. Director*, 53 Ark. App. 295, 922 S.W.2d 5 (1996). However, as the court explained in *Nibco, Inc. v. Metcalf & Daniels*, 1 Ark. App. 114, 613 S.W.2d 612 (1981):

> To constitute misconduct, however, *the definitions require more than* mere inefficiency, *unsatisfactory conduct*, failure in good performance as the result of inability or incapacity, inadvertancies, *ordinary negligence in isolated instances, or good faith error in judgment or*

*discretion.* There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Carraro v. Director,* 54 Ark. App. 210, 924 S.W.2d 819 (1996). (Emphasis added.)

Therefore, there is an element of intent associated with a determination of misconduct. *George's, Inc., supra.*

■ In the present case, the misconduct at issue revolves around the words spoken by the appellant to a co-worker immediately preceding a fight. Appellant was found to have acted in self defense during the scuffle, but the Board of Review found that he was guilty of misconduct by saying what amounted to "stop meddling in my business" and "shut up" to the co-worker, because those words were "harsh and provocative." While it is true that these words may have been spoken in poor judgment, we cannot say that they rise to the level of misconduct as defined by statute and as applied by this court. Even assuming that appellant spoke out of lack of judgment, his actions can not be said to constitute such negligence that they evidence a malicious or willful intent. Furthermore, there was no evidence that appellant had ever engaged in such conduct on any job before this incident; thus, there was no recurrence of poor judgment in this case.

Reversed and remanded for award of benefits.

ROAF, GRIFFEN, JENNINGS, and BIRD, JJ., agree.

PITTMAN, J., dissents.

JOHN MAUZY PITTMAN, Judge, dissenting. I dissent from a reversal of the Board's decision because it represents a departure from our standard of review.

The Board found that the employer discharged appellant for a cause that involved appellant's willful disregard of the employer's interests and his willful failure to conform to a standard of behavior that the employer had a right to expect of its employees. Specifically, the Board found that (1) appellant was not without fault in the incidents that led to his discharge; (2) appellant knew that the coworker was apt to cause trouble among employees in the work place; (3) appellant addressed the coworker in a manner that

was both unnecessary and unreasonable; and (4) appellant's words were provocative and led to the events that caused the physical confrontation that resulted in his discharge.

It is for the Board to translate the evidence before it into findings of fact, and it is our function, upon review, only to determine whether those findings are supported by substantial evidence. As noted by the Board, appellant, a long-term employee, knew that the coworker was an individual who meddled in the business of other employees. Thus, the Board reasoned that this was not a case of mere inefficiency or the failure of good performance as the result of inability, but rather a case where the appellant's actions manifested an intentional disregard of his employer's interest, and that appellant should have anticipated the coworker's reaction. The majority's characterization of appellant's words as "spoken in poor judgment" does not take into account the Board's finding that appellant should have known that his comments would provoke a response.

Whether an employee's acts are willful or merely the result of unsatisfactory conduct or unintentional failure of performance is a fact question for the Board of Review to decide. Ark. Code Ann. § 11-10-514(a); *Rucker v. Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). I think that the Board's denial of unemployment compensation based on a finding of misconduct is supported by substantial evidence and should be affirmed.