Peggy J. LEWIS *v.*
DIRECTOR, Employment Security Department,
and Bank of America

E 04-142                                          205 S.W.3d 161

Court of Appeals of Arkansas
Opinion delivered March 9, 2005

*Dudley & Compton,* by: *Cathleen V. Compton,* for appellant.

*Allan Pruitt,* for appellee.

JOHN B. ROBBINS, Judge. Appellant Peggy Lewis appeals from a decision of the Arkansas Board of Review, which denied her claim for unemployment benefits pursuant to its finding that she was discharged from her last work for misconduct in connection with the work on account of dishonesty. Ms. Lewis contends that the Board's decision is not supported by substantial evidence. We affirm.

■■■ Arkansas Code Annotated section 11-10-514 (Repl. 2002) provides, in pertinent part:

> (a)(1)  If so found by the Director of the Arkansas Employment Security Department, an individual shall be disqualified for benefits if he or she is discharged from his or her last work for misconduct in connection with the work.
>
> . . . .
>
> (b)  If he or she is discharged from his or her last work for misconduct in connection with the work on account of dishonesty . . . he or she shall be disqualified from the date of filing the claim until he or she shall have ten (10) weeks of employment in each of which he or she shall have earned wages equal to at least his or her weekly benefits amount.

"Misconduct," for purposes of unemployment compensation, involves: (1) disregard of the employer's interest, (2) violation of the

employer's rules, (3) disregard of the standards of behavior that the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer. *Rollins v. Director*, 58 Ark. App. 58, 945 S.W.2d 410 (1997). We have defined "dishonesty" as a disposition to lie, cheat or defraud; untrustworthiness; lack of integrity. *Olson v. Everett, Director*, 8 Ark. App. 230, 650 S.W.2d 247 (1983).

On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. *Walls v. Director*, 74 Ark. App. 424, 49 S.W.3d 670 (2001). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *George's, Inc. v. Director*, 50 Ark. App. 77, 900 S.W.2d 590 (1995). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board of Review to determine. *Bradford v. Director*, 83 Ark. App. 332, 128 S.W.3d 20 (2003). Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

The testimony in this case revealed that Ms. Lewis was employed by appellee Bank of America for twenty-two years prior to her termination. On the morning of August 11, 2003, Ms. Lewis was working at the bank with Laura Skinner, an assistant vice president. Before the bank opened, Ms. Lewis entered the vault and retrieved the night deposits from the evening before. Later that day, a manager for Wendy's Restaurant came to the bank to pick up deposit bags from the night before and discovered that two of Wendy's deposits had not been received and credited. The discrepancy resulted in an investigation by the bank.

Bank investigator Nancy Hollis testified that she contacted Ms. Lewis and requested that she send confirmation in writing that proper procedures were followed. Ms. Lewis responded with an e-mail representing that she and Ms. Skinner opened the night depository and that the alleged missing bags were not there. Ms. Hollis testified that she was inquiring into whether proper procedure had been followed to determine whether Wendy's would be reimbursed for the missing deposits. Ms. Hollis met with Wendy's corporate officers, who believed that Wendy's employees had

followed proper procedure in making the deposits, and Ms. Hollis decided to revisit with the bank's employees about the procedure that they used.

According to Ms. Hollis, Ms. Skinner called her and informed her that she was not present when Ms. Lewis opened the vault, and that Ms. Skinner acknowledged that this was a violation of procedure on her part. At a subsequent meeting, Ms. Lewis admitted to Ms. Hollis that she was alone when she opened the vault. Based on the misrepresentation made in her e-mail, Ms. Lewis was terminated.

Ms. Lewis acknowledged in her testimony that Bank of America had a policy requiring her to open deposits in the presence of another employee. She stated that, on the morning at issue, Ms. Skinner accompanied her to the vault and placed the night deposit record book on the counter. After that, the personal banker asked Ms. Skinner a question from another area of the bank, and Ms. Skinner went to talk with her. At that time Ms. Lewis was entering the combination to the lock, and she proceeded to open the vault, retrieve the deposit bags, and record them on the book. Although Ms. Skinner did not witness any of this, she signed the record book along with Ms. Lewis after verifying that the bags laying on the counter had been documented in the book.

Ms. Lewis explained that she did not consider her representation in her e-mail to be a lie because Ms. Skinner verified the number of bags pulled from the vault, and "I considered that as dual because we had done it before." Ms. Lewis stated, "I wasn't the only one that violated the opening and closing, or put down that procedures had been followed. We had done it so many times before and it was fine." Ms. Lewis represented that throughout her employment at the bank she had never been accused of violating the bank's trust.

For reversal of the Board's decision, Ms. Lewis argues that there was no substantial evidence to support the finding that her conduct amounted to dishonesty. She asserts that she had no motive to lie about her actions, and notes that she dutifully reported the problem to Ms. Hollis on the day she was made aware of it. Ms. Lewis submits that she fully and reasonably explained why Ms. Skinner's signature appeared in the record book, and contends that if she was to lose her job for dishonesty, so should have Ms. Skinner. Ms. Lewis contends that while she may have

committed an error in judgment there was no wrongful intent on her part, and that therefore the Board's decision should be reversed and remanded for an award of benefits.

We hold that the Board's decision was supported by substantial evidence. Ms. Lewis's termination, and the Board's denial of benefits on account of dishonesty, were not based on a misrepresentation in the record book or failure to follow proper procedures, but rather on her untruthfulness during the investigation. There was evidence that Ms. Hollis needed to know whether proper procedures were followed, and that in response to this critical question Ms. Lewis represented that two employees participated in opening the depository, when in fact she acted alone in contravention of the bank's policy. There is no doubt that this representation was not truthful, regardless of Ms. Lewis's testimony that failure to follow proper procedure in this manner was commonplace. While Ms. Lewis characterizes her conduct as a mere lack of judgment, we think reasonable minds could conclude that it rose to the level of dishonesty and an intentional disregard of her obligations as well as her employer's interest.

Affirmed.

GRIFFEN and ROAF, JJ., agree.