James M. EUBANKS *v.* Charles L. DANIELS

CA 79-109                                           591 S.W. 2d 673

Opinion delivered December 12, 1979
Released for publication January 9, 1980

*Pro Se,* for appellant.

No brief for appellee.

M. STEELE HAYS, Judge. This is an appeal from a decision of the Board of Review which affirmed a ruling of the Appeal Tribunal denying claimant unemployment benefits from June 17 to July 18, 1979, because his availability for work was unduly restricted. Specifically, the Appeal Tribunal found that by limiting his search for an employer having a pension plan comparable to his previous employment and to a salary of not less than $235 per week failed to meet the test of what a "reasonably prudent individual would do to secure work", as defined by Section 4 (c) of the Act.

Claimant testified that he had called his union approximately twice a week, had made two direct contacts and several telephone contacts from May 22 to July 18 in his efforts to find work.

In light of the evidence in the record that claimant would not accept a salary of less than $235 per week and that he was limiting his efforts to secure work to employers with a pension program (T. p. 11), we are unable to state as a matter of law that the claimant was in compliance with 4 (c), or that there is an absence of substantial evidence in the record to support the decision of the Board of Review. *Haun* v. *Daniels, Director of Labor,* 266 Ark. 146 (Ct. App. 1979); *Terry Dairy Products Company, Inc.* v. *Cash, Commissioner of Labor,* 224 Ark. 576, 275 S.W. 2d 12 (1955).

We recognize the advantages to the claimant of remaining under a pension plan and we believe that he was justified for a reasonable period of time in giving preference to such a consideration; however, it seems clear that a reasonably prudent person would at some point lower his sights in seeking employment and inasmuch as claimant had over three months to find the type of work he wanted, at the desired salary of $235 per week, we must agree with the Board of Review's holding that after that length of time, i.e., thirteen weeks, claimant was unduly restricting his search for employment.

It should be added that we are troubled by the broad language of Section 4 (c) in defining the standard for seeking employment and believe that claimants are entitled to a higher degree of specific guidance in knowing what is expected of them in the way of efforts to secure employment, especially so since they risk the loss of eligibility. It would seem that some guidelines could be adopted so that a more objective test might be applied.

The decision of the Board of Review is AFFIRMED.

HOWARD and NEWBERN, JJ., dissent.

DAVID NEWBERN, Judge. I fully agree with Judge Hays' statement of the need for some sort of standards which could be readily explained to ESD claimants letting them know what factors will determine whether their efforts have been or will be considered to be reasonable. A person such as the appellant in this case who has a legitimate interest in preserving his pension rights in a program to which he has contributed for 20 years can clearly be expected to seek only employment where he may continue to do so. As it stands, he has no way of knowing just how much time will be considered "reasonable" to conduct such a search.

My primary reason for disagreement with the majority here, however, has to do with a procedural point which is not mentioned in their opinion. One of the bases for Mr. Eubanks' appeal in this case was that he had asked for but never been supplied a copy of the transcript of the hearing

held by the appeals tribunal. Mr. Eubanks appeared before us to argue his case pro se, and at that point he *still* had not received a copy of the transcript. He was invited by our chief judge to look at the copy which had been brought to the oral argument by the Labor Department Chief Counsel who argued for the Director. Thus while he was trying to listen to what his adversary had to say, he was being given his first look at the record:

If this spectacle did not present clear evidence of deprivation of administrative due process, then nothing could. I refer to, and incorporate by reference the general remarks in my dissenting opinion in *Teegarden* v. *Director, Arkansas Employment Security Division,* CA 79-28, which is being handed down today.

JUDGE HOWARD joins in this opinion.