Larry SANDERS *v.* Charles L. DANIELS,
Director of Labor

CA 79-360                                    599 S.W. 2d 770
Court of Appeals of Arkansas
Opinion delivered May 28, 1980
Released for publication June 18, 1980

Appellant, *pro se.*

*Herrn Northcutt*, for appellee.

JAMES H. PILKINTON, Judge. This is an unemployment compensation case. The claimant has appealed a determination of the Arkansas Employment Security Board of Review holding him ineligible for benefits under the provisions of the Arkansas Employment Security Act. The Board of Review found that claimant, although unemployed, was ineligible for benefits under the provisions of Section 4(c) of the act. The board specifically found that claimant had unduly restricted his availability for work, and that he was not doing those things which a reasonably prudent individual would do to find work.

Section 4(c) of the Arkansas Employment Security Law [Ark. Stat. Ann. § 81-1105(c) (Repl. 1976)] provides that claimants will be eligible for benefits if they are unemployed, physically and mentally able to perform suitable work, are available for such work, and are doing those things that a reasonably prudent individual would be expected to do to secure work.

In *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W. 2d 954 (1978), the Arkansas Supreme Court held that the findings of fact made by the Board of Review in cases of this type are conclusive on appeal if supported by substantial evidence. Therefore, the question here is whether there is substantial

evidence to support the determination of the Board of Review. It is clear from a study of the record that there is such substantial evidence. The testimony reflects that claimant is a journeyman carpenter. In the last job which he held before filing the claim in question he was earning $6.00 an hour as a carpenter in construction work. He had worked at the rate of $6.00 an hour for some seven or eight months. Before that time he had been employed as a carpenter by a construction company which started his pay at $4.75 an hour, but soon raised him to $5.00 an hour. In connection with the present claim, the appellant stated that he would not work for less than $6.00 an hour as a carpenter because the weather and other factors made the work uncertain and reduced his earnings during the winter months as he often could not work a full week. It is undisputed that his usual line of work was as a carpenter. The evidence also shows that there is no union carpenter work in the area involved, and the reports of the Employment Security Agency show that orders for carpenters coming to the agency called for a wage of $4.00 to $4.50 an hour for this kind of work. The claimant, however, refused to accept less than $6.00 an hour as a carpenter thereby limiting his availability for employment in his usual line of work. The claimant did testify that he would be willing to accept less than $6.00 an hour for employment in a factory because factory work would be steady and stable during the winter months whereas carpenter work would not be constant. The record indicates that appellant has contacted three possible employers in the construction field, and two factories, inquiring about work since filing his claim.

The Board of Review specifically found that the claimant's availability for work is restricted by his wage demand, and further found that he was not doing those things that a reasonably prudent individual would be expected to do to secure work. He was therefore found to be ineligible for benefits under the provisions of Section 4(c) of the act. As there is substantial evidence to support the findings and decision of the Board of Review we must affirm. *Harris* v. *Daniels*, *supra*. It should be noted that claimant was only declared ineligible for benefits from September 16, 1979, through the date of the hearing on October 16, 1979.

Affirmed.

NEWBERN, J., dissents.

DAVID NEWBERN, Judge, dissenting. I cannot find substantial evidence that the employee was doing less than a reasonable person would do to find employment. Apparently he said he would not accept less than $6.00 per hour as a carpenter because, given the irregularity of carpentry work, he had to have that much to provide for himself and his family. There is no evidence the claimant was offered a job at any rate of pay. He specifically testified he would take less than $6.00 if employed at work that promised to be steady. He also made it clear he was a journeyman carpenter and that he disagreed with the agency's statement that calls for carpentry workers showed the usual wage to be $4.00 or $4.50.

At the end of the hearing the claimant said he couldn't understand how he could be considered ineligible when there was no construction work of any kind available and no jobs at the factories where he had applied. The hearing concluded as follows:

> REFEREE: Anything more you would like to say, Mr. Sanders?
>
> CLAIMANT: I'll just say, if I can find work, I'll work, that that's —
>
> REFEREE: I have nothing else. We'll close the hearing. A written decision will be issued, and you will receive that in the mail at your home address. Thank you very much for coming in this morning, Mr. Sanders.

I believe the claimant's response to the question as to what wage he would work for was not unreasonable and that it cannot be considered substantial evidence supporting the conclusion that he was not doing that which a reasonable person would do to find work. Therefore, I respectfully dissent.