Shirley PRICE *v.* DIRECTOR OF LABOR

E 81-242                                    631 S.W. 2d 22

Court of Appeals of Arkansas
Opinion delivered April 7, 1982

Appellant, *pro se.*

*Thelma Lorenzo,* for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal from the denial of unemployment benefits. The denial was based on Section 4 (c) of the Employment Security Law, Ark. Stat. Ann. § 81-1105 (c) (Repl. 1976), which provides that an unemployed claimant must be available for suitable work in order to be eligible for benefits. Specifically, it was found that claimant had unduly restricted her availability for work by the amount of her wage demand. We affirm.

The claimant lives near Conway, Arkansas. She has been working for the Internal Revenue Service in Little Rock on a "call as needed" basis since September of 1977. She is generally called to work in the fall and works through the tax season. She has done no other work during the last three years except to work occasionally for the Census Bureau or to do substitute teaching.

Her pay at IRS is about $6.80 per hour and if she were employed on a full-time basis that would amount to $15,000.00 per year. In past years she has worked as an executive secretary and has done personnel, accounting, and general office work. She has tried to find full-time work in the Conway area and wants $12,000.00 per year.

This is claimant's second appeal to this court. The last appeal was from the denial of benefits for the period from September 5, 1980, to November 10, 1980. That claim was also denied because the Board of Review found claimant unduly restricted her availability by the amount of her wage demand. We reversed that decision and allowed benefits. *Price* v. *Everett,* 2 Ark. App. 98 (1981). That opinion points out that the best full-time job opportunity claimant had

during the period off work was at a 50% reduction in pay. The opinion says:

> If the claimant could have found employment to which her training and experience entitles her, with appropriate salary, she should have been granted a reasonable opportunity to make that quest. . . . As the period of unemployment continues, a job offer at a salary lower than the claimant earned previously may become suitable, even though the lower salary may not have been suitable at the time the claimant first became unemployed. Thus, after a period of fruitless searching for a job, it may then be reasonable for the Board to expect the claimant to moderate her salary expectation.

After the period of unemployment involved in that case ended on November 10, 1980, the claimant worked until April 17, 1981, when she was again laid off. She filed for benefits on April 24 and the period involved in this claim is from that date to the date of the Appeal Tribunal's hearing on June 2, 1981.

The claimant testified she expected it would be September before she would be called back by IRS. She said they had recently called her about a temporary job at less pay but she was not interested because she wanted something permanent. She probably could have gotten a job in the Conway area at $7,000.00 per year but said, "I can work half a year in Little Rock and make $7,000.00 so it would be stupid to take a job for $7,000.00 working 12 months out of a year. . . . " She also said the IRS needed full-time employees but there was a freeze on hiring and they had not had a full-time job open in two years.

An Employment Security Division specialist in the Conway office testified that most of the clerical jobs in that area would average $8,200.00 to $9,000.00 per year and most of the starting jobs in general factory production work would be between $9,000.00 and $10,500.00. He said "occasionally when we do get listings for personnal assistance and so on like that, those salary ranges would usually be in the neighborhood of $12,000.00."

344

The first appeal was concerned with a period prior to November 10, 1980, and we thought claimant should not be denied benefits because of her salary requirement for the work she had been seeking. But we made it clear that "after a period of fruitless searching" she reasonably could be expected "to moderate her salary expectation." In April of 1981, she again became unemployed and again had to be available for suitable work in order to be eligible for unemployment benefits. The record is clear, however, that her salary requirement was not moderated.

The issue presented is one of fact and under the law it is our duty to affirm the decision of the Board of Review if it is supported by substantial evidence. Based upon the evidence in this case and upon our decisions in the similar cases of *Eubanks* v. *Daniels,* 267 Ark. 888, 591 S.W. 2d 673 (Ark. App. 1980), *Sanders* v. *Daniels,* 269 Ark. 672, 599 S.W. 2d 770 (Ark. App. 1980), and *Wacaster* v. *Daniels,* 270 Ark. 190, 603 S.W. 2d 907 (Ark. App. 1980), we affirm.