Donald DOZIER *v.* William F. EVERETT, Director
of Labor, and REYNOLDS METALS COMPANY

E 83-84                                          657 S.W.2d 567

Court of Appeals of Arkansas
Division I
Opinion delivered October 5, 1983

*Robert W. Garrett, Central Arkansas Legal Services,* for
appellant.

*Alinda Andrews,* for appellees.

JAMES R. COOPER, Judge. The appellant was denied Federal Supplemental Compensation Benefits on a finding that he had been discharged from his last work for misconduct and that he had not met the federal employment criteria necessary to render himself eligible. From that decision, comes this appeal.

In August, 1981, the appellant was discharged by Reynolds Metals Company for misconduct. He filed for unemployment compensation benefits and was found to be disqualified because of the discharge for misconduct. He did not appeal that ruling which was mailed October 19, 1981. The appellant also filed a grievance, and, in March, 1982, the grievance officer found that he had been wrongfully discharged. He was ordered to be reinstated with full back pay and no loss in seniority. The settlement as to back wages covered the period from August 21, 1981 through January 18, 1982. January 18, 1982, was the date on which the appellant would have been laid off, based on his seniority. It is undisputed that he performed no work from August 21, 1981 through the date of the hearing on the supplemental benefits, October 20, 1982.

In April, 1982, the appellant filed for, and received, several weeks of regular unemployment compensation benefits. He then filed for extended benefits and supplemental benefits under Ark. Stat. Ann. § 81-1124 (Supp. 1983). He was denied supplemental benefits on a finding that he had not satisfied the requirement that he be employed so as to remove the disqualification.

Arkansas Statutes Annotated § 81-1106 (b) (1) (Supp. 1983) provides that a worker who is discharged for misconduct may satisfy the penalty disqualification by work, or by not working and claiming benefits, or by a combination of the two for a period of eight weeks. Arkansas Statutes Annotated § 81-1124 (k) (8) (Supp. 1983), however, provides that a worker discharged for misconduct can only satisfy the penalty disqualification by *employment* as far as extended benefits are concerned.

Based on these two statutes, the agency awarded the appellant regular benefits, apparently finding that he had satisfied the disqualification by completing the eight weeks of claiming.[1] The Board of Review, however, denied supplemental benefits.

The appellant argues that, because the grievance officer determined that he was wrongfully discharged, and because he was ordered reinstated with full back pay and seniority, through January 18, 1982 (when he would have been laid off anyway) the discharge for misconduct as of August 19, 1981, upheld by the Agency October 19, 1981, was erased. We find no merit to this argument.

First, the determination by the grievance officer that the appellant was not discharged for misconduct is not determinative of whether, for unemployment compensation purposes, he was discharged for misconduct. There is a final order, not appealed from, holding that the appellant *was* discharged for misconduct.

Secondly, the appellant was *not* laid off at Reynolds. Because of his seniority he would have been laid off on January 18, 1982, had he been working, because of a general slowdown in production. That is the reason for the use of the January 18, 1982 date for the purpose of calculating the back wages to which the appellant was entitled.

Therefore, since, for unemployment compensation purposes, the appellant was discharged for misconduct rather than being laid off, the disqualification under Ark. Stat. Ann. § 81-1106 (b) (1) (Supp. 1983) stands unless the appellant has satisfied it by meeting the employment requirement of Ark. Stat. Ann. § 81-1124 (k) (8) (Supp. 1983). The appellant does not claim that he has actually worked since his discharge, nor does he claim that his award of back wages satisfied the employment requirement of Ark. Stat. Ann. § 81-1124 (k) (8) (Supp. 1983), although the appellee does address that issue.

---

[1]The determination that the appellant was eligible for regular benefits is not included in this record, but it is undisputed that he did draw regular benefits for several weeks.

Although the findings of fact by the Board of Review are confusing, particularly with reference to the discharge, reinstatement, and alleged layoff, we find substantial evidence to support the Board's denial of supplemental benefits. We are required to affirm the Board's decision if we find it to be supported by substantial evidence. *Terry Dairy Products, Inc.* v. *Cash*, 224 Ark. 576, 275 S.W.2d 12 (1955). Further, we find that the Board has correctly applied the law to the facts of this case.

Affirmed.

MAYFIELD, J., agrees.

CORBIN, J., concurs.

DONALD L. CORBIN, Judge, concurring. I reluctantly concur in this decision. There are several inconsistencies associated with the case which have caused me some concern.

First, the Board's decision itself is inconsistent. The decision is as follows:

> The claimant had been discharged from his employment, was reinstated with back pay, and was finally laid off with a reduction in the work force on January 18, 1982. . . . The law is specific in that a claimant must have subsequent work to satisfy the disqualification and this claimant has not worked since his layoff on January 18, 1982.

Section 20 (k) (8) of the Act [Ark. Stat. Ann. § 81-1124 (k) (8) (Supp. 1983)] does not require an individual who has been laid off from work due to a reduction in the work force to satisfy a disqualification with employment. The Board's finding to that effect is simply erroneous. However, the Board went on to affirm the Appeal Tribunal which held that appellant was discharged for misconduct under 20 (k) (8). An appellant disqualified because of misconduct must satisfy the disqualification with at least one week of work, which appellant here does not have.

Second, it is unclear from the record whether claimant was required to satisfy the eight-week penalty before receiving regular benefits. As the majority points out, appellant could satisfy the disqualification by eight weeks of working, eight weeks of filing a claim, or a combination of the two. The testimony of appellant indicates that he did not work any weeks and only claimed for four or five weeks. Also, it is unclear from the record whether appellant's base period wages were reduced by eight times his weekly benefits amount, which would be required if the agency penalized appellant under Section 5 (b) (1) [Ark. Stat. Ann. § 81-1106 (b) (1) (Supp. 1983).] The lack of evidence in this regard leads me to suspect that when appellant reapplied for benefits in March of 1982, after the grievance had resulted in his reinstatement, the agency ignored the original determination and treated the claim as a new claim and began to pay full benefits. However, the record does not contain sufficient evidence (such as a second Notice of Determination) to support this conclusion; therefore, I must agree to affirm.

Third, although the majority opinion does not address this point, appellee argues that the back wages appellant received cannot satisfy the requirement of employment imposed by Section 20 (k) (8). It should be noted, however, that if appellant had initially received benefits, he would have been required to repay those benefits after receiving the back pay award, on the ground that he received wages related to the weeks for which appellant was drawing benefits. It seems inequitable to me to hold that the receipt of those wages does not satisfy the disqualification of Section 20 (k) (8). In other words, the receipt of back pay wages would disqualify appellant from regular benefits which requires that a claimant be "unemployed", but does not qualify appellant for FSC benefits which requires a claimant be "employed".

Our standard of review is set forth in *Harris* v. *Daniels,* 263 Ark. 897, 567 S.W.2d 954 (1978), as follows:

Even though there is evidence upon which the Board of Review might have reached a different result, the scope of judicial review is limited to a determination whether

the board could reasonably reach its results upon the evidence before it and a reviewing court is not privileged to substitute its findings for those of the board even though the court might reach a different conclusion if it had made the original determination upon the same evidence considered by the board.

Upon the evidence contained in the record, I must agree with the majority that the decision should be affirmed.

However, I believe this appellant may be entitled to relief under Ark. Stat. Ann. § 81-1107 (c) (4) (Supp. 1983) which provides in part:

The Director upon receipt of new evidence may reconsider a nonmonetary determination within three (3) years from the date of the original monetary determination . . . .

Even though the time to appeal the original determination of October, 1981, has run, appellant may petition the Commission to make a redetermination based upon the new evidence that appellant was reinstated by his employer, since such evidence was unavailable when the original determination was made.