Charles D. WALKER *v.* DIRECTOR, Employment
Security Department

E 92-47                                    840 S.W.2d 200

Court of Appeals of Arkansas
Division II
Opinion delivered November 4, 1992

*Charles D. Walker*, pro se.

*Allan Pruitt*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision
of the Arkansas Board of Review that denied appellant's claim
for extended unemployment benefits. The appellant is not repre-
sented by an attorney, and neither party has filed a brief.
Nevertheless, we have given this matter careful attention and
issue this opinion in an attempt to bring a degree of clarity to a
somewhat complex situation.

In the first quarter of 1991, the appellant filed a claim for regular unemployment compensation benefits. His claim was denied by the Arkansas Employment Security Division on a finding that appellant was discharged from his last work for misconduct in connection with the work. That decision was appealed to the Appeal Tribunal which held appellant was discharged for misconduct under the provisions of Ark. Code Ann. § 11-10-514 (Supp. 1991) and that he was disqualified for benefits "for eight (8) weeks of unemployment, as defined in Ark. Code Ann. § 11-10-512." This decision was affirmed by the Board of Review, and there was no appeal from that decision.

Under the provisions of Ark. Code Ann. § 10-10-512(b) (1987), a week of disqualification "shall be satisfied" by either a week of unemployment or by a week of employment during which the employee has "earnings in an amount equal to his weekly benefit amount." At the hearing on the claim filed in the case now before us, held on January 6, 1992, it was established that the appellant had satisfied the eight-week disqualification and then filed a new claim. That claim was for regular benefits, and appellant was paid those benefits until they were exhausted. After that, appellant was still unable to find work; therefore, he filed a claim for extended benefits.

Extended benefits are governed by Ark. Code Ann. §§ 11-10-534 thru 544 (1987 & Supp. 1991). A provision of these extended benefits sections, which has been in effect for several years, Ark. Code Ann. § 11-10-543(h) (1987), provides as follows:

> An individual shall not be eligible to receive extended benefits with respect to any week of unemployment in his eligibility period if the individual has been disqualified for regular benefits under this law because he voluntarily left work, was discharged for misconduct, or refused an offer of suitable work unless the disqualification imposed for such reasons was satisfied with employment.

We have had an occasion to deal with this provision before. *See Dozier v. Everett, Director*, 9 Ark. App. 247, 657 S.W.2d 567 (1983). The provision at that time was compiled as Ark. Stat. Ann. § 81-1124(k)(8) (Supp. 1983), and we clearly pointed out that our statutes provided that one who is disqualified

by misconduct (with certain enumerated exceptions) from receiving *regular* benefits for a certain period may satisfy the disqualification by work for the required period or, if unable to find work, by forfeiting the benefits for that period to which the individual would otherwise be entitled. But, we said, under Ark. Stat. Ann. § 81-1124(k)(8) (now Ark. Code Ann. § 11-10-543(h)), such a worker can satisfy the penalty disqualification for *extended* benefits only by *employment* for the required period and amount.

Therefore, the decision of the Board of Review was correct in the case now before us. However, because the appellant has filed a pro se response to the appellee's answer to appellant's notice of appeal in which the appellant asks how Arkansas can hold he is not eligible for "emergency benefits" to which the "Federal Government" says he is eligible, we explain the matter in more detail.

In 76 Am. Jur. 2d, *Unemployment Compensation* § 1 (1992), it is said that "state-imposed unemployment insurance . . . exists pursuant to a federal-state scheme of unemployment insurance legislation represented by the Federal Unemployment Tax Act and the complimentary state statutes enacted pursuant to the inducement of the Federal Act." The discussion in Am. Jur. points out that apart from the "minimum standards" prescribed by the Act it "leaves to state discretion the rules governing the administration of unemployment compensation programs." *See id.* § 4 at 748. It is also explained that while the terms and conditions of the Federal Unemployment Tax Act require federal approval of state statutes as a condition of participation "the Act leaves to every state full liberty to accept or reject, and to withdraw at any time after acceptance and to have returned the state's unexpended share of the federal unemployment trust fund." *Id.* § 23 at 767. Thus, it is said "the Act is not void as involving coercion of the states." *Id.*

The Federal Unemployment Tax Act can be found in 26 U.S.C. §§ 3301 thru 3311 (1988). *See also* 26 U.S.C.A. §§ 3301 thru 3311 (West 1989 & Supp. 1992). Section 3304(a)(11) provides that "extended compensation shall be payable as provided by the Federal-State Extended Unemployment Compensation Act of 1970." The 1970 Act is Title II of Pub. L. No. 91-373, 84 Stat. 708 (1970). Section 202(a) of that Act was amended by

Title X of the Omnibus Reconciliation Act of 1980, Pub. L. No. 96-499, 94 Stat. 2599 (1980), to provide:

> (4) No provision of State law which terminates a disqualification for voluntarily leaving employment, being discharged for misconduct, or refusing suitable employment shall apply for purposes of determining eligibility for extended compensation unless such termination is based upon employment subsequent to the date of such disqualification.

Pub. L. 96-499, § 1024, 94 Stat. 2599 (1980) at 2659.

The extended benefits sought by the appellant in this case are apparently made available by Title I of the Emergency Unemployment Compensation Act of 1991, Pub. L. No. 102-164, 105 Stat. 1049 (1991), which provides that a State may enter into an agreement with the Secretary of Labor of the United States under which the State may make payments of emergency unemployment compensation to individuals who have exhausted their rights to regular compensation under State law. That Act, however, specifically provides that "the terms and conditions of the State law which apply to claims for extended compensation and to the payment thereof shall apply to claims for emergency unemployment compensation and the payment thereof, except where inconsistent with the provisions of this Act. . . ." *Id.* Section 101 (d)(2). We find nothing in that Act which is inconsistent with the provisions for extended benefits in the Arkansas Employment Security Law.

Thus, under the federal-state scheme of unemployment insurance legislation, the provision in our state law requiring an individual who has been disqualified for regular unemployment benefits (as was the appellant in this case) to satisfy that disqualification with employment in order to become eligible for extended benefits is not only authorized, but is encouraged, by the law of the federal government. It is, however, the law of Arkansas which prevents the appellant in this case from being eligible for the extended unemployment benefits which he is seeking.

Affirmed.

COOPER and ROGERS, JJ., agree.