Carla MIDDLETON *v.* ARKANSAS EMPLOYMENT SECURITY DIVISION

78-211                                            576 S.W. 2d 218

Opinion delivered February 5, 1979
(In Banc)

12

*Legal Aid Bureau of Central Arkansas, by: Ralph Washington,* for appellant.

*Thelma M. Lorenzo,* for appellee.

GEORGE ROSE SMITH, Justice. This is an application by the appellant for unemployment compensation. The claim was denied by the local office on the ground that Ms. Middleton had voluntarily quit her job. That decision was affirmed by the Appeal Tribunal, the Board of Review, and the circuit court. As we view the case, the only question is whether the administrative finding is supported by substantial evidence.

The claimant was employed as a draftsman by AFCO Steel. She testified that on March 15, 1977, she asked for a raise in pay, which was refused on the grounds that the company was not doing well and that she was not worth more money. She told her supervisor that she would continue to work but that she would look for another job on her lunch hour. The next day she was told that she could not seek another job while she was working for the company. She accepted her wages to date, plus two weeks' severance pay, and left the company. A company witness testified that "it is better from a company's viewpoint that if a person is dissatisfied with the company and does want to find another job then it is better, we go ahead . . . and pay them for two extra weeks and let them, you know, find it on their own if they can." Upon the testimony the Appeals Tribunal made this finding of fact:

The claimant quit her job with the above employer

March 16, 1977, after she had requested a raise in pay. She was informed that the employer did not wish to grant her a raise in pay. She felt there was no future for her with this company, and informed the employer that she would be seeking other employment. She advised him she would do this during her off hours or during the noon hour. The employer accelerated the separation date by accepting the claimant's resignation at that time.

The Employment Security Act provides that an individual shall be disqualified for benefits "[i]f he voluntarily and without good cause connected with the work, left his last work." Ark. Stat. Ann. § 81-1106 (a) (Supp. 1977). The preamble to the statute refers to involuntary unemployment and to persons unemployed through no fault of their own. § 81-1101 (Repl. 1976).

Upon the testimony we think it was a disputed question of fact whether the claimant voluntarily left her job or was discharged. Even though the claimant did not say flatly, "I quit," the trier of fact could find that she said, in effect, "I'm quitting as soon as I am able to find another job." The Appeal Tribunal's specific finding that the employer *accepted* the claimant's resignation implies that the claimant acted voluntarily in deciding to take the proffered separation pay and look for work elsewhere.

The Vanderbilt Law Review for February, 1955, had a symposium on unemployment insurance. We quote this statement from one of the articles, Sanders, Disqualification For Unemployment Insurance, 8 Vanderbilt L. Rev. 307, 317:

> Although "voluntary leaving" literally means giving up work of one's own volition or will, the scope of the phrase has been extended to include voluntary action indicating an intention to terminate employment, notwithstanding that the immediate cause of separation was discharge or replacement.

in the case at bar the impetus leading to the separation cer-

tainly came from the employee, not from the employer. Upon the testimony reasonable persons may differ about whether the claimant's departure from her job was voluntary or involuntary. That being true, there is substantial evidence to support the administrative decision, which concludes our inquiry.

Affirmed.

HICKMAN, J. and PURTLE, J., dissent.

JOHN I. PURTLE, Justice, dissenting. The majority has again displayed clairvoyant powers which I, as of this date, have been unable to achieve. They have held that appellant voluntarily left her work without good cause. The first thing we should do is look at the facts.

Appellant had been employed for the appellee for almost four years when she approached the appellee, her employer, on March 15, 1977, and requested a raise because she was making a salary different from the other employees and stated she needed more money. Appellee denied her request for a wage increase and thereupon she informed appellee that she would begin to look for a new job on her off-hours and during her lunch break. She specifically stated she wanted to continue to work while she sought new employment. The next afternoon, March 16, 1977, appellant was informed by appellee that she could not search for a new job while employed by them. Her contract of employment was terminated and she was given two weeks severance pay.

Appellant made claim for unemployment benefits, and the Arkansas Employment Security Division denied her claim on the grounds that she had voluntarily left her last employment without good cause.

Ark. Stat. Ann. § 81-1106 states:

Disqualification for benefits. — For all claims filed on and after July 1, 1973, if so found by the Director an individual shall be disqualified for benefits:

(a) Voluntarily leaving work. If he voluntarily and

without good cause connected with the work, left his last work, such disqualification shall continue until, subsequent to filing his claim, he had had at least thirty (30) days of covered employment.

Provided no individual shall be disqualified under this subsection if, after making reasonable efforts to preserve his job rights, he left his last work due to a personal emergency of such nature and compelling urgency that it would be contrary to good conscience to impose a disqualification. . .

Disqualification, under this statute, is conditioned upon the employee voluntarily and without good cause connected with the work leaving the employment. It is true appellant expressed dissatisfaction with her wages and indicated she intended to look elsewhere for a better paying job. So far as I have been able to determine, there is no statutory prohibition against looking for another job. It may be true that her employment would have developed into an unsatisfactory relationship and she could have subsequently been fired for cause in such event; however, if we are going to speculate, as the majority do, we might as well speculate that she would have cooled down, changed her mind, and continued the job which she had held for almost four years. There is no evidence that her work had been unsatisfactory up until this time.

The majority in this case simply fail to construe the law in accordance with its plain meaning and go so far as to penalize appellant for being honest and truthful with her employer. The very foundation and purpose of the Act is to allow a person, who is discharged without good cause connected with the work, to be able to draw a meager subsistence while seeking other employment. Appellant has been denied that right in this case.

In my opinion, the majority clearly disregards the plain meaning of the words and the intent of this statute. Therefore, I would reverse and remand with directions to allow appellant to collect her unemployment benefits.

HICKMAN, J., joins in the dissent.