## CIRCUIT COURT OF FAIRFAX COUNTY

Batal Builders, Inc.

v.

Susan Polonica

May 24, 1990

Case No. (Law) 95017

By JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on a Petition for Judicial Review of the decision of the Virginia Employment Commission (Commission) to award unemployment benefits to respondent, Susan Polonica (Polonica). Petitioner, Batal Builders, Inc. (Batal), alleges that Polonica is ineligible for unemployment benefits on the grounds of misconduct. The Commission found that Polonica was discharged for reasons other than misconduct and awarded her unemployment benefits. The facts are taken from the papers filed by the parties with the Clerk of Court.

Polonica was discharged from her employment at Batal Builders on August 4, 1989. Petitioner Batal alleges that subsequent to Polonica's discharge, it discovered that she had misappropriated company funds. Polonica applied for and was granted unemployment benefits. Batal appealed the Commissioner's decision to award Polonica unemployment benefits on the grounds that her misconduct rendered her ineligible. The Commission ruled in favor of Polonica, finding that she was terminated because of her "inability to meet her employer's standards of performance." Batal brings this petition for review pursuant to § 60.2-625 of the Virginia Code, 1950 as amended.

The primary purpose of the Virginia Unemployment Compensation Act is to provide temporary financial assistance to persons who become unemployed through no fault of their own. Va. Code § 60.2-100 *et seq.*, 1950 as amended; *Ford Motor Company v. Unemployment Comp. Comm'n*, 191 Va. 812, 63 S.E.2d 28 (1951). The Act is remedial in nature and should be liberally construed to effect its beneficent aims. *Id.*; 81 C.J.S., *Social Security*, § 147.

Under § 60.2-618(2), an individual is disqualified from unemployment benefits if he or she has been discharged for "misconduct connected with his work." An employee is guilty of misconduct when he or she:

> deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

*Branch v. Virginia Employment Comm'n*, 219 Va. 609, 611-612, 249 S.E.2d 180, 182 (1978).

The factual findings of the Commission are conclusive on appeal if supported by evidence and in absence of fraud. Va. Code § 60.2-525(A), 1950 as amended; *Virginia Employment Commission v. Gantt*, 7 Va. App. 631, 376 S.E.2d 808 (1989). The jurisdiction of this Court is limited to questions of law. Va. Code § 60.2-625(A).

The Commission has consistently interpreted Section 60.2-618(2) to mean that the employer bears the burden of proving that the claimant was discharged for misconduct. (Record at 330). Although the code provision has been repealed and reenacted and amended, the language in issue remains the same. It would appear that the legislature has acquiesced in the Commission's interpretation and application of the Code. Accordingly, this Court will adopt that construction as a rule of law. *Jones v. Willard*, 224 Va. 602, 299 S.E.2d 504 (1983); 1A Michie's Jurisprudence, *Administrative Law*, § 8. Specifically, the Court finds that Batal bears the burden of proving that Polonica was discharged for reasons which constitute misconduct under § 60.2-618(2).

In the case at bar, evidence presented to the Appeals Examiner showed that Polonica was discharged for failure to meet her employer's standards of performance. She was frequently tardy, took extended lunch breaks, made personal phone calls, and was unable to complete her work in an accurate and timely manner. (Record at 23). The Appeals Examiner concluded that Polonica was discharged because of Batal's general dissatisfaction with her work rather than for misconduct. (Record at 25). Batal failed to meet its burden of proving misconduct. The decision of the Appeals Examiner was affirmed by the Commission.

Batal does not dispute the findings of the Commission. In fact, Batal admits that Polonica's alleged misappropriation of funds was not the reason for her discharge since it was not discovered until after her termination. (Record at 24, 33). Batal contends, however, that the misconduct at issue is so inimical to the employer's interest that it is inequitable to award the employee unemployment benefits, which, essentially, have been taxed to the injured employer. Absent a clear directive from the legislature, however, misconduct discovered after an employee is discharged is irrelevant to the question of whether the employee is eligible for benefits because the conduct complained of was not the basis for discharge as required under the governing statute. Batal has failed to meet its burden of proving that Polonica was discharged for misconduct under § 60.2-618(2). Accordingly, the decision of the Commission to award her unemployment benefits is affirmed.