David McKISSICK *v.* Ed ROLLE, Director of Arkansas
Employment Security Department,
and J.B. Hunt Transport, Inc.

E 97-212                                                   966 S.W.2d 921

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered April 15, 1998

MARGARET MEADS, Judge.  David L. McKissick appeals the decision of the Board of Review which denied him benefits on the basis that he was discharged from last work for misconduct connected with the work.  At issue in this case, which is submitted without supporting briefs, is whether the Board's finding of misconduct is supported by substantial evidence.  We affirm.

Appellant was employed by J.B. Hunt Transport as an over-the-road truck driver.  On June 14, 1996, while driving for his employer, appellant's truck struck a car which was stopped on the side of the interstate in heavy fog, totaling the car.  Appellant was not cited for this accident, but the company considered it a major preventable accident and placed him on one year's probation. Appellant was advised in a post-accident review with his employer that in the future, when he encountered adverse weather conditions, he should reduce his speed or stop until conditions improved.  Further, appellant was assured there would be no adverse consequences if he had to stop due to bad weather as long as he contacted his fleet manager and kept him informed about the situation.  Appellant signed the post-accident review report acknowledging that he was on probation for one year and agreeing to decrease his speed to meet driving conditions.  He was cautioned that he was subject to termination in the event of another preventable accident during the probationary period.

Appellant's second accident occurred on April 30, 1997, while he was still within his probationary period.  This accident occurred when appellant's truck sideswiped a tanker truck in high

winds on the interstate, and he was cited for careless driving. In his post-accident review following this incident, appellant admitted that he was traveling at fifty-eight or fifty-nine miles per hour. Evidence revealed that the employer's trucks are governed at fifty-nine miles per hour. Although he had been instructed to decrease his speed or to stop during inclement weather, appellant was driving as fast as the truck would travel. Appellant was discharged the day after the second accident occurred.

At the Appeal Tribunal hearing, appellant admitted that he had received copies of the employee's and the driver's manuals, and that he had read and understood them. Relevant portions of the J.B. Hunt Driver's Manual were introduced into evidence at the hearing. Under the heading "Actions Which May Result In Termination Without A Prior Warning," the following is listed: "Major preventable accident or more than one minor preventable accident." Representatives of the employer testified that although they considered the first accident to be major, the company decided to give appellant further training and the opportunity to continue driving.

Additionally, "Receipt of reckless or careless driving citation" is listed under the heading "Actions Which Result In Automatic Termination," in the driver's manual. The record clearly reflects that appellant's ticket from the second accident was for careless driving.

■ Our standard of review in employment security cases is well-settled. This court reviews the findings of fact of the Board of Review in the light most favorable to the prevailing party, only reversing where the findings are not supported by substantial evidence. *Dray v. Director*, 55 Ark. App. 66, 930 S.W.2d 390 (1996). Substantial evidence is such evidence that a reasonable mind would find adequate to support a conclusion. *Id.* The credibility of the witnesses and the weight to be accorded their testimony are matters to be resolved by the Board of Review. *Anderson v. Director*, 59 Ark. App. 266, 957 S.W.2d 712 (1997). Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the

evidence before it. *Perdrix-Wang v. Director*, 42 Ark. App. 218, 856 S.W.2d 636 (1993).

■ Arkansas Code Annotated § 11-10-514(a) (Repl. 1996) provides that an individual shall be disqualified for benefits if he is discharged for misconduct in connection with the work. "Misconduct," for purposes of unemployment compensation, involves: (1) disregard of the employer's interest; (2) violation of the employer's rules; (3) disregard of the standards of behavior which the employer has the right to expect; and, (4) disregard of the employee's duties and obligations to his employer. *Rucker v. Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). There is an element of intent associated with a determination of misconduct. Mere good-faith errors in judgment or discretion and unsatisfactory conduct are not considered misconduct unless they are of such a degree or recurrence as to manifest culpability, wrongful intent, evil design, or intentional disregard of the employer's interest. *Id.* Whether an employee's acts are willful or merely the result of unsatisfactory conduct or unintentional failure of performance is a fact question for the Board to decide. *Id.*

■ Considering the facts of this case, we find that appellant manifested a substantial disregard of both his employer's interest and his own duties and obligations as an employee when he exceeded a safe driving speed under high-wind conditions, particularly since he had been counseled to either slow down or stop during inclement conditions, had agreed in writing to do so, and was on probationary status. We cannot say that there was not substantial evidence to support the Board of Review's determination that appellant was terminated for misconduct connected with the work.

Affirmed.

BIRD, ROGERS, and CRABTREE, JJ., agree.

ROBBINS, C.J., and ROAF, J., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. I do not agree with the majority that David McKissick's two accidents in nearly sixteen months of employment constitute "intentional misconduct" as this court has defined it, so as to disqualify him for unem-

ployment benefits. The majority opinion sets forth the circumstances of both accidents and the reasons given by the employer for terminating McKissick. I will not repeat the facts other than to point out that McKissick was terminated after a minor second accident that occurred nearly a year after his first accident. The second accident occurred when a tanker truck attempted to pass McKissick in high winds, and the two trucks sideswiped, causing $699 in damages; McKissick was ticketed for careless driving. However justified his *termination* may have been, these facts fall far short of the standard this court has articulated for misconduct in unemployment cases.

The majority opinion also correctly sets forth our definition of "misconduct" for purposes of unemployment compensation. *See Kimble v. Director*, 60 Ark. App. 36, 959 S.W.2d 66 (1997); *Rucker v. Director*, 52 Ark. App. 126, 915 S.W.2d 315 (1996). However, in *Kimble*, also involving a long-distance truck driver fired for excessive preventable accidents, this court said that five preventable accidents in a six-month period demonstrated a "recurring pattern of carelessness from which the Board was permitted to infer a manifest indifference that constitutes a substantial disregard for her employer's interest."

Here, McKissick's employer discharged him because he had two accidents in a sixteen month period, both caused by his failure to slow down or stop his truck during "inclement weather." The Board found that McKissick was "knowingly driving too fast for conditions" in the second accident, and that his conduct was reckless and manifested an intentional or substantial disregard of his employer's interest.

It should be emphasized, however, that the inclement weather at issue in the respective accidents was markedly different. The first accident occurred in heavy fog; the second in high winds. This significant difference in weather conditions supports a finding, not of a "recurring pattern" but rather of a one-time error in judgment. I find this conclusion particularly inescapable because the second accident occurred when another professional truck driver was attempting to pass McKissick. Surely, all at-fault

accidents will involve a violation of law and, in the case of a professional truck driver, a disregard of the employer's rules. However, McKissick's accident record in his sixteen months of employment simply does not present evidence of misbehavior of such a degree or recurrence as to fall within our definition of misconduct, and I would reverse for an award of benefits.

ROBBINS, C.J., joins.