Timothy J. FLEMING *v.* DIRECTOR, Arkansas Employment
Security Department; and T.J. Smith Box Company

E 00–216 40 S.W.3d 820

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered March 14, 2001

*Appellant*, pro se.

*Allan Franklin Pruitt*, for appellee Director, Arkansas Employment Security Department.

JOSEPHINE LINKER HART, Judge. Timothy J. Fleming appeals a decision of the Arkansas Board of Review ("Board") that affirmed the Appeal Tribunal's denial of unemployment insurance benefits and concluded that he was disqualified from receiving those benefits because of his misconduct in connection with his work. The Board determined that appellant's failure to attend work because he was incarcerated on a matter that was later dismissed by the presiding judge constituted misconduct that justified a denial of benefits. On review, we conclude that such a result could not have reasonably been reached based on the evidence before the Board, and, accordingly, we reverse and remand.

Appellant was employed by T.J. Smith Box Company, Inc. ("T.J. Smith"), from January 3, 2000, until his termination on March 28, 2000. While employed by T.J. Smith, appellant was arrested on March 23, 2000, for allegedly failing to make proper child-support payments. The following day, appellant's girlfriend notified T.J. Smith that appellant was incarcerated. Appellant remained incarcerated until April 13, 2000, when the trial court dismissed the case as a matter of law. His employment with T.J. Smith, however, had been terminated because, according to his employer, appellant missed three or more days without excuse, which constituted a violation of the company's attendance policy.

Thereafter, appellant sought unemployment compensation benefits, claiming that his failure to attend work was not within his control. Before the Appeal Tribunal, appellant acknowledged that he was behind with regard to some child-support payments, but also testified that the underlying child-support case for which he was incarcerated had been dismissed. Nevertheless, the Appeal Tribunal denied benefits, and the Board agreed, concluding that appellant's actions constituted misconduct, as provided for in Ark. Code Ann. § 11-10-514(a) (Repl. 1996). Specifically, the Board, while acknowledging that the underlying child-support case had been dismissed by the trial judge, concluded that appellant's "failure to pay child support resulted in his incarceration," which was an intentional disregard of his employer's interest. From that decision, comes this appeal.

■ Our scope of appellate review in cases such as this is well-settled and oft-stated:

> On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

*E.g., Love v. Director*, 71 Ark. App. 396, 399, 30 S.W.3d 750, 752 (2000). Because we conclude the Board's decision could not reasonably be reached based upon the evidence before it, we reverse.

■ As we noted in *Love*, the seminal decision concerning "misconduct" as used in Ark. Code Ann. § 11-10-514(a), is *Nibco, Inc. v. Metcalf*, 1 Ark. App. 114, 118, 613 S.W.2d 612, 614 (1981), where we provided the following definition of the term:

> [M]isconduct involves: (1) disregard of the employer's interests, (2) violation of the employer's rules, (3) disregard of the standards of behavior which the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer.

To constitute misconduct, however, the definitions require more than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good faith error in judgment or discretion. There must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design.

See also Niece v. Director, 67 Ark. App. 109, 112, 992 S.W.2d 169, 171 (1999). We have repeatedly stated that "[t]here is an element of intent associated with a determination of misconduct." Niece, 67 Ark. App. at 112, 992 S.W.2d at 171 (emphasis added). See also McKissick v. Rolle, 61 Ark. App. 266, 269, 966 S.W.2d 921, 923-924 (1998); Rollins v. Director, 58 Ark. App. 58, 61, 945 S.W.2d 410, 411 (1997). In the case at bar, there is a conspicuous lack of evidence that Fleming intended to violate T.J. Smith's attendance policy. As such, the Board erred by concluding that Fleming's actions constituted misconduct.

Here, the Board approached this case as if the issue was whether a claimant, who was unable to attend work because he was incarcerated for failure to make proper child-support payments, has committed misconduct under the statute. That, however, is not the issue in this appeal. To frame the issue in this case in that manner ignores the critical fact that the underlying case that gave rise to the incarceration was dismissed. Moreover, to reach the conclusion that appellant's "failure to pay child support resulted in his incarceration" when there is no evidence that he was legitimately incarcerated for failure to make child-support payments, required the Board to make a finding that appellant was in violation of a child-support order, which it is without jurisdiction to do.[1]

In our view, the issue in this case is whether a claimant, who was unable to attend work because he was incarcerated in a matter

---

[1] Generally speaking, enforcement of a child-support order is in the nature of show-cause proceeding wherein the party who has the obligation to pay child support must demonstrate why he should not be held in civil contempt for violating the previous court orders. Accordingly, the party with the child-support obligation can offer the defense of impossibility of performance (i.e., inability to make child-support payments). If it is determined that the party obligated to make the payments was, in fact, able to make such payments, then he can be held in civil contempt of court and incarcerated until he discontinues the contemptuous conduct. In this case, the trial court did not make findings and only dismissed the action. The Board lacked both the evidence and jurisdiction to make the necessary determination of whether appellant's actions constituted civil contempt.

that was ultimately dismissed as a matter of law, has committed misconduct under the statute. In this regard, we conclude that such actions do not constitute misconduct. To conclude otherwise could be construed as a license for the Board to decide matters that it is incompetent to hear under the statutes. Additionally, such a conclusion would be manifestly unjust and require that we abandon the well-settled principle that only *intentional* violations of an employer's policies constitute misconduct. Neither the Director nor T.J. Smith has asked this court to abandon this principle, and we decline to do so.

 Accordingly, because there is a lack of evidence that appellant intentionally failed to attend work, we conclude that the Board could not have reasonably reached the decision it did upon the evidence before it. In doing so, we do not hold that a claimant's actions cannot constitute misconduct when he is absent from work because he is incarcerated after a court of competent jurisdiction determines that he is in violation of a child-support order. Instead, we limit our decision to the facts of this case and reverse and remand this matter with instructions to award benefits.

Reversed and remanded.

STROUD, C.J., and JENNINGS, BIRD, and VAUGHT, JJ., agree.

CRABTREE, J., dissents.