Mary A. THORNTON *v.* DIRECTOR,
Arkansas Employment Security Department

E 02-165                                    91 S.W.3d 523

Court of Appeals of Arkansas
Division III
Opinion delivered December 11, 2002

*Appellant*, pro se.

*Allan Franklin Pruitt*, for appellee.

JOSEPHINE LINKER HART, Judge. Mary A. Thornton appeals from the Arkansas Board of Review's ("Board") decision that she was ineligible for unemployment benefits. Appellant left her employment as manager of the local Dollar General Store in Marianna, Arkansas, after she was robbed at gunpoint as she was leaving the store to make the end-of-the-day deposit. The Board determined that although the armed robbery involved was unfortunate, it did not constitute the requisite good cause connected with the work to justify appellant's voluntary termination of her employment. We disagree and reverse.

On February 19, 2002, at about 9:00 p.m., appellant and her assistant manager were robbed at gunpoint outside the Dollar General Store. Thereafter, appellant quit her position and filed for unemployment benefits on February 25, 2002. Following a hearing on April 17, 2000, the Appeal Tribunal denied appellant unemployment benefits, and she appealed to the Board. The Board affirmed the Appeal Tribunal's decision, finding that appellant did not have good cause connected with work to leave her last work, and therefore, she had voluntarily left her last employment. From that decision comes this appeal.

Our scope of appellate review in cases such as this is well-settled and oft-stated:

> On appeal, the findings of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

*Fleming v. Dir.*, 73 Ark. App. 86, 88, 40 S.W.3d 820, 822 (2001).

■ Appellant argues as her sole point for reversal that the Board erred in finding that she voluntarily left her last work without good cause connected with work pursuant to Ark. Code Ann. § 11-10-513 (Repl. 2002). Arkansas Code Annotated section 11-10-513(a)(1) states that "an individual shall be disqualified for benefits if he or she voluntarily and without good cause connected with the work left his or her last work." Good cause has been defined as "a cause that would reasonably impel the average able-bodied, qualified worker to give up his or her employment" and is ordinarily a question of fact for the Board of Review to determine. *Khan v. Director*, 42 Ark. App. 64, 892 S.W.2d 513 (1993). Furthermore, Arkansas Code Annotated section 11-10-515(c)(1) (Repl. 2002) states that "in determining the existence of good cause for voluntarily leaving his or her work under § 11-10-513, there shall be considered, among other factors and in addition to those enumerated in subsection (d) of this section, the degree of risk involved to his or her health, safety, and morals. . . ."

During her testimony, appellant affirmed that at approximately 9:00 p.m. on February 19, 2002, she and the assistant manager, Shirley Golden, were closing the store when they were robbed at gunpoint. As a part of her job duties, appellant was required to make nightly bank deposits. On the night of the robbery she was carrying in excess of $1,200 in cash, plus $400 in checks, as she secured the building and entered the parking lot. According to appellant, the parking lot was dark and deserted because the business next door closes at 5:00 p.m. Appellant testified that the Dollar General Store is located between two housing

projects and is the only business open after 5:00 p.m. within a radius of approximately one-half mile. Appellant testified that "there is not any activity going on around us, and it's just not secure to work there during the day, much less after dark." Further, she stated that this particular Dollar General Store had been broken into four or five times during the course of her employment, but this was her first life-threatening experience.

Appellant testified that after the robbery, she spoke to the manager about her safety concerns but his only accommodation was to close the store one hour earlier at 7:00 p.m. However, appellant noted that it is still dark at 7:00 p.m. when it is not daylight savings time. Appellant repeatedly testified that she was frightened to work at that particular store and was scared by the armed robbery.

Andra Matthew, as the employer's representative, testified that the company had taken precautions to ensure the safety of its employees. According to Matthew, he had advised the managers of the eighteen stores under his supervision that when making a deposit *around Christmas time* they were to contact the local police department to ask for an escort from the store to the bank. Furthermore, he testified, "[T]hat would have been my only thing that I would have to say that we did take some step to help reduce the risk that was involved in the [employees] coming out the door at night with the money in their hands." Further, he stated, "As far as any security that could have been given to them prior to closing, we had none, and . . . [i]t wouldn't be financially within our scope to do so." He noted that appellant did not contact the local police department for an escort on the night of the robbery. Appellant responded that she had called the local police before, but they often took a long time to come by the store and "sometime they get so busy doing other things."

In its decision, the Board stated that "the employer had taken reasonable steps by instructing its employees to contact their local police department for an escort. It was claimant's choice not to avail herself of this precaution." The Board concluded that "[I]t is unfortunate that the claimant was the victim of such an act.

However, this does not create good cause connected with the work for quitting."

Arkansas Code Annotated section 11-10-515 states that "safety" is a consideration in determining good cause. In *Carpenter v. Director*, 55 Ark. App. 39, 929 S.W.2d 177 (1996), this court found, in addition to other factors, evidence of commuting employees who were required to undertake additional safety hazards caused by the inherent conditions of roads supported a finding that the claimant had good cause in connection with work to voluntarily leave employment. Likewise, in *Teel v. Daniels*, 270 Ark. 766, 770, 606 S.W.2d 151, 152 (Ark. App. 1980), the court found that the appellant had good cause in connection with work to terminate his employment because the employer expected appellant to climb a ladder and perform roofing assignments when the deck was iced over and such activity created a "hazard to claimant's personal safety."

In this case, the evidence demonstrates that appellant's sole reason for leaving her position at Dollar General was fear for her safety after being robbed at gunpoint. Further, appellant's testimony established that her employer was cognizant of the potential for such a life-threatening event to occur by keeping the store open for several hours after the other businesses in the area had closed and in requiring an end-of-the-day bank deposit after 8:00 p.m. each evening. Even though the location of the store and the requirements of the employer created special security risks for the employees, such risks were not addressed by the employer.

The only security measure taken by the employer was to instruct the employees to request the local police to act as a security guard *around Christmas time*. Thus, the employer's only safety measure provided for the "at-risk employees" depended on the police protection provided by the local government for the general public. The employer's security plan did not address the special security needs of an employee who was placed in an "at-risk" situation by leaving an isolated retail store carrying a large bank deposit at 9:00 in the evening. Therefore, based on the facts of this case, the Board's finding that appellant did not have good cause connected with work to voluntarily leave her last work is

not supported by substantial evidence. Thus, we reverse and remand for an award of benefits.

Reversed and remanded.

STROUD, CJ., and ROAF, J., agree.