Ruby J. SANDERS *v.* EMPLOYMENT SECURITY
DEPARTMENT and Harry K. Dougherty, Inc.

E 02-204                                          91 S.W.3d 520

Court of Appeals of Arkansas
Division I
Opinion delivered December 11, 2002

*Appellant,* pro se.

*Phyllis Edwards,* General Counsel, for appellees.

WENDELL L. GRIFFEN, Judge. Ruby J. Sanders challenges the decision of the Arkansas Employment Security Department Board of Review, which denied her claim for unemployment benefits upon the finding that she voluntarily left her last work without good cause connected with the work pursuant to Ark. Code Ann. § 11-10-513 (Repl. 2002). Because

we cannot tell from the record upon what the Board of Review based its decision, we reverse and remand for further findings.

Sanders worked for Harry K. Dougherty, Inc., in the Main Street Furniture Store in Jacksonville. After about five months of employment, on or about March 14, 2002, Sanders told the store manager, Jim Henderson, that she had applied for work with a competitor because business was slow. The following day, Henderson told her to leave immediately, rather than to wait for the end of a notice period or whenever the competitor might call her. Before the Arkansas Appeal Tribunal, Henderson testified that he decided overnight to let Sanders go after she had told him that she had applied at a competitor's store. Henderson based his reason for discharging Sanders on "general consensus . . . that if you have someone that's in sales and they give you a notice that it's, uh, unless you need them to work, that it is better to go ahead and let them go because, uh, there's several reasons, prices, money that changes hands, different things." Apparently, Sanders did not give a notice.

The hearing officer denied Sanders benefits because she found that Sanders quit to work for a competitor. She further found that management accelerated Sanders's resignation by telling her to leave March 15, 2002. She also stated that it was not shown that the average able-bodied worker would be impelled to give up employment in similar circumstances. Therefore, the hearing officer concluded that Sanders left work voluntarily without good cause connected with the work. Sanders appealed to the Board of Review, which affirmed the decision below, adopting the "findings of fact and conclusions of law" of the Appeal Tribunal. This appeal followed.

■ In employment security cases, we review the findings of fact of the Board of Review in the light most favorable to the prevailing party, only reversing where the findings are not supported by substantial evidence. *Niece v. Director, Emp. Sec. Dep't*, 67 Ark. App. 109, 992 S.W.2d 169 (1999). Substantial evidence is such evidence that a reasonable mind would find adequate to support a conclusion. *Id.* The credibility of the witnesses and the weight to be accorded their testimony are matters to be resolved

by the Board of Review. *Id.*. Even when there is evidence upon which the Board might have reached a different decision, the scope of the judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.* However, whether the findings of the Board of Review are supported by substantial evidence is a question of law properly before this court. *St. Vincent Infirmary v. Arkansas Emp. Sec. Div.*, 271 Ark. 654, 609 S.W.2d 675 (Ark. App. 1980).

█ A claimant is disqualified for benefits if he, voluntarily and without good cause connected with the work, left his last work. Ark. Code Ann. § 11-10-513(a)(1) (Repl. 2002). Therefore, we need adequate findings of fact to be able to tell whether substantial evidence supports the Board of Review's determination. *See Ferren v. Director*, 59 Ark. App. 213, 956 S.W.2d 198 (1997); *Bryant v. Arkansas Pub. Serv. Comm'n*, 45 Ark. App. 56, 871 S.W.2d 414 (1994). Courts cannot perform reviewing functions assigned to them on review of state agency decisions in the absence of adequate and complete findings of the agency and all essential elements pertinent to determination. *Bryant v. Arkansas Pub. Serv. Comm'n, supra.*

█ In the case at bar, we cannot determine from the existing record the precise basis for the Board of Review's decision. A reasonable opportunity for the presentation of evidence on the issues controlling the substantial rights of the parties in this matter may have existed at the hearing before the Appeal Tribunal. *See* Ark. Code Ann. § 11-10-524(b)(1), -526(a)(1). However, the Board of Review did not render sufficient findings of fact on the existing record that enable us to review the Board of Review's basis for its opinion. We cannot reach the issue of whether the acceleration of Sanders's departure from her employment constitutes an involuntary termination that would entitle her to employment security benefits.

Therefore, we reverse and remand for further findings upon the existing record.

ROBBINS and CRABTREE, JJ., agree.