BOARD of TRUSTEES of the University of Arkansas *v.*
Artee WILLIAMS, Director Employment Security Department
and Tena R. Farver

E 04-216                                                    207 S.W.3d 569

Court of Appeals of Arkansas
Opinion delivered April 27, 2005

*Melissa K. Rust*, for appellant.

*Phyllis Edwards*, for appellee.

OLLY NEAL, Judge. The Board of Trustees of the University of Arkansas appeals from the Board of Review's determination that appellee, Tena Farver, was discharged from her last work for reasons other than misconduct in connection with the work. For reversal, appellant questions whether the Board of Review's determination that appellee was discharged from her last job for reasons other than misconduct in connection with her work is supported by substantial evidence. We hold that Farver was discharged from her last work for reasons other than misconduct in connection with her work, and, therefore, we affirm the decision of the Board of Review.

Tena Farver worked for the University of Arkansas as a family-nutrition assistant assigned to teach basic nutrition to low-income families. The position required that she enlist seventy-five families in the program; Farver had only enlisted fifty-two. In a letter dated November 18, 2003, Farver was notified that her position would be terminated on December 18, 2003, due to her low enrollment numbers. Following the issuance of the letter, Joyce Whittington, a County Extension Agent serving as staff chair, conducted an audit of Farver's records subsequent to November 18, 2003, and determined that Farver had falsified records during this period, in that she claimed to have worked with families at addresses that did not exist. Whittington then fired Farver for falsifying records before the termination date given to Farver. At the hearing before the Appeals Tribunal, Farver admitted to falsifying records. Further, Whittington testified at the hearing that "Ms. Farver was discharged because she did not enroll a sufficient number of families." The Appeals Tribunal determined that appellee had been discharged for misconduct in connection with the work due to her dishonesty. The Board of Review reversed that finding and awarded Farver benefits. This appeal followed.

In unemployment compensation cases, findings of fact by the Board are conclusive if supported by substantial evidence, and review by this court is limited to determining whether the Board could reasonably reach its decision upon the evidence before it. *Hiner v. Director*, 61 Ark. App. 139, 965 S.W.2d 785 (1998). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rollins v. Director*, 58 Ark. App. 58, 945 S.W.2d 410 (1997). This court reviews the evidence and all reasonable inferences deducible

therefrom in a light most favorable to the Board's findings. *Barber v. Director*, 67 Ark. App. 20, 992 S.W.2d 159 (1999). We do not conduct a *de novo* review of the evidence in an appeal from a Board decision. *Hiner, supra.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Niece v. Director*, 67 Ark. App. 109, 992 S.W.2d 169 (1999). An administrative agency, like a jury, is free to believe or disbelieve any witness, and the appellate court gives the evidence its strongest probative force to support the administrative decision. *Singleton v. Smith*, 289 Ark. 577, 715 S.W.2d 437 (1986).

Arkansas Code Annotated section 11-10-514(a)(1) (Repl. 2002) allows the Director of the Arkansas Employment Security Department to disqualify an individual for benefits if he is discharged from his employment for misconduct connected with the work. Misconduct, as used in this section involves (1) disregard of the employer's interests, (2) violation of the employer's rules, (3) disregard of the standards of behavior that the employer has a right to expect of his employees, and (4) disregard of the employee's duties and obligations to his employer. *Walls v. Director*, 74 Ark. App. 424, 49 S.W.3d 670 (2001). To constitute misconduct, more is required than mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies, ordinary negligence in isolated instances, or good-faith error in judgment or discretion; there must be an intentional or deliberate violation, a willful or wanton disregard, or carelessness or negligence of such degree or recurrence as to manifest wrongful intent or evil design. *Fleming v. Director*, 73 Ark. App. 86, 40 S.W.3d 820 (2001); *Love v. Director*, 71 Ark. App. 396, 30 S.W.3d 750 (2000); *Niece v. Director, supra.*

There are no Arkansas cases that address this very issue, although *Bradford v. Director*, 83 Ark. App. 332, 128 S.W.3d 20 (2003), provides us with some guidance. Bradford, who was hired as the Executive Chief Information Officer for the State of Arkansas, gave two weeks' notice of his intention to end his employment with the State by submitting a letter of resignation to Governor Huckabee. Thereafter, Bradford was notified by the governor's chief of staff that the governor had directed her to terminate Bradford's employment that very day. Bradford sought benefits. Our court affirmed the Board of Review's denial of

benefits to Bradford upon determination that Bradford had voluntarily left his work without good cause. In making this holding, we determined that the Board of Review clearly could have viewed Bradford's resignation letter as a clear and unequivocal manifestation of his intention to leave his job with the State.

In *Batal Builders, Inc. v. Polonica*, 21 Va. Cir. 107 (1990), Polonica was discharged from her employment. Subsequent to the discharge it was discovered that she misappropriated company funds. Polonica applied for and received unemployment benefits; Batal appealed. The circuit court held that "misconduct discovered after an employee is discharged is irrelevant to the question of whether the employee is eligible for benefits because the conduct complained of was not the basis for discharge as required under the governing statute." 21 Va. Cir. at 109. Although not binding on this court, we find this case highly persuasive in making our determination.

Similarly, Farver received, on November 19, 2003, a letter dated November 18, 2003, informing her that her job would end on December 18, 2003. Whittington testified that her audit took place November 24 through November 28, after appellant informed Farver that she was being terminated. It was during this audit that the misconduct (falsifying of records) was discovered. The Board of Review clearly could have viewed appellant's letter of termination to Farver as a clear and unequivocal manifestation of its intention to terminate Farver's employment for the reason stated in the letter — Farver's inability "to reach the minimum number of enrolled families." Therefore, appellant can not use its subsequent finding of misconduct as a basis to prevent Farver from obtaining unemployment benefits. Accordingly, because substantial evidence supports the decision of the Board of Review, we affirm.

Affirmed.

CRABTREE and ROAF, JJ., agree.