
# ARKANSAS COURT OF APPEALS

DIVISION III
№. E-15-362

NATALIE CLINE

APPELLANT

V.

DIRECTOR, DEPARTMENT OF
WORKFORCE SERVICES AND
MICHAEL A. CURTIS, OD, PLC

APPELLEES

**Opinion Delivered** February 17, 2016

APPEAL FROM THE ARKANSAS
BOARD OF REVIEW
[NO. 2015-BR-00886]

REVERSED FOR AN AWARD OF BENEFITS

## LARRY D. VAUGHT, Judge

Natalie Cline appeals the Arkansas Board of Review's (Board) decision affirming the Arkansas Appeal Tribunal's (Appeal Tribunal) finding that she voluntarily left her last work without good cause connected to the work and therefore denying her unemployment benefits. We reverse for an award of benefits.

The material facts were undisputed. Cline had previously worked for Dr. Michael Curtis. On December 11, 2014, she contacted Dr. Curtis and told him that she had moved back to Arkansas and was looking for a job. He invited her to come to his clinic, Curtis Eye Care, the following day to meet his wife, Ashley Curtis, and to discuss a job. Cline was visibly pregnant when she arrived at the clinic, and she and the Curtises talked about the baby. Cline was hired as a temporary employee[1] to start the following Monday.

---

[1] In her application for unemployment benefits, Cline said that she had been hired to work until she went into labor and that her due date was April 4, 2015. Curtis Eye Care

By all evidence, Cline was a good employee. She testified that, starting at the beginning of February, Curtis Eye Care did not assign her enough work hours. On February 9, 2015, on her way to work, Cline texted Ashley Curtis about work hours, and Ashley responded with a message that said, "Natalie, we have looked at the schedule from here on out and I don't think that we will be needing your help any longer. Thank you and best of luck to you."

On February 12, 2015, Cline completed an application for unemployment benefits. Curtis Eye Care submitted a written response, which stated that Cline could have been a permanent employee but had stated a desire to not return to work after the baby was born because daycare would be too expensive. Curtis Eye Care also stated that Cline was hired as a temporary employee to get the business through a busy period until it got someone else trained for the job.

Based on these statements, the Department of Workforce Services (Department) found that Cline had given notice to her employer of her intention to resign and that Curtis Eye Care had "accelerated [her] separation" from the business. The Department ruled that she had left her work voluntarily and without good cause connected with the work, and it denied her claim for benefits.

---

agrees that she was hired as a temporary employee, but contends that it offered Cline a permanent position, which she declined. Curtis Eye Care asserts that, as a result, Cline was hired on a temporary basis "to get the business through a busy time and until another individual could be trained." However, the Board did not rule on this basis, and our case law is clear: a temporary employee is entitled to unemployment benefits if her employment ends due to the completion of the temporary job. *See Weaver v. Dir.*, 82 Ark. App. 616, 619, 120 S.W.3d 158, 160 (2003).

Cline appealed to the Appeal Tribunal. A telephone hearing was conducted before a hearing officer on April 1, 2015, at which only Cline testified. The hearing officer affirmed the determination of the Department, again finding that Cline voluntarily left her last work without good cause connected to the work. Cline appealed to the Arkansas Board of Review. The Board affirmed the decision of the Appeal Tribunal.

This court has set forth the standard of review in unemployment cases:

> On appeal, the findings of fact of the Board of Review are conclusive if they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it.

*Rivas v. Dir.*, 2013 Ark. App. 91, at 1–2 (citing *Baldor Elec. v. Dir.*, 71 Ark. App. 166, 168–69, 27 S.W.3d 771, 773 (2000)).

Arkansas Code Annotated section 11-10-513 (Repl. 2012) provides that an individual shall be disqualified for unemployment benefits if he or she "voluntarily and without good cause connected with the work left his or her last work." "Good cause" is defined as "a cause that would reasonably impel the average able-bodied, qualified worker to give up his or her employment." *Rivas*, 2013 Ark. App. 91, at 2 (citing *Relyea v. Dir.*, 104 Ark. App. 235, 238, 290 S.W.3d 34, 36 (2008); *Perdrix-Wang v. Dir.*, 42 Ark. App. 218, 221, 856 S.W.2d 636, 638 (1993)). "Good cause is dependent not only on the reaction of the average employee, but also on the good faith of the employee involved, which includes the presence of a genuine desire to work and be self-supporting." *Id.* (citing *Lewis v. Dir.*, 84 Ark. App. 381,

386, 141 S.W.3d 896, 899–900 (2004)). Additionally, an employee is required to make reasonable efforts to preserve her job rights in order to receive unemployment benefits. *Id.*

Temporary employees can qualify for unemployment benefits just as permanent employees qualify. *Harmon v. Laney*, 239 Ark. 603, 607, 393 S.W.2d 273, 276 (1965) ("Contemplation of permanent employment is not and has never been a prerequisite for qualification for entitlement for benefits."). A temporary employee is entitled to benefits if there is not substantial evidence indicating that she left her employment without good cause connected to the work. *See Weaver v. Dir.*, 82 Ark. App. 616, 618, 120 S.W.3d 158, 160 (2003). An employer may accelerate the voluntary resignation of an employee. *Bradford v. Dir.*, 83 Ark. App. 332, 341, 128 S.W.3d 20, 25 (2003) ("An employer should not be required to retain in its employment an employee who has prospectively tendered his resignation . . . .") (citing *Osterhout v. Everett*, 6 Ark. App. 216, 639 S.W.2d 539 (1982)); *Middleton v. Ark. Emp't Sec. Div.*, 265 Ark. 11, 576 S.W.2d 218 (1979) (affirming the denial of benefits where the employer accelerated an employee's departure from work the day after she told employer that there was no future for her at the company and that she would be seeking other jobs).

The Board adopted the appellees' position that "[Cline] effectively gave notice of her resignation when she stated she would work until the delivery of her baby but either did not want to work after the birth of her baby or did not know if she would want to work after the birth of her baby," and that the text message on February 9, 2015, simply "accelerated Appellant's separation." We disagree.

The acceleration doctrine does not apply if there has been no resignation. In *Bradford, Middleton*, and *Osterhout*, the employees in question formally tendered their resignations, or

engaged in conduct that was found to be the equivalent of a voluntary resignation, during the course of their employment. Appellees provide no authority, and we have found none, that would allow an employee's pre-employment statements regarding the terms of her temporary employment to qualify as a prospective resignation that the employer could then accelerate at any time. Acceleration of an employee's separation from work, which does not flow from the employee's voluntary resignation, is simply called termination. As Cline argues, allowing acceleration in cases such as this would discourage prospective employees from speaking candidly with their prospective employers about future plans. Moreover, it would preclude temporary employees from ever being eligible for unemployment benefits as long as the employer called their termination an acceleration. Without substantial evidence to support the Board's finding that Cline voluntarily left her last work without good cause connected to the work, we must reverse for an award of benefits.

Reversed for an award of benefits.

HOOFMAN and BROWN, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Tory H. Lewis* and *William A. Waddell*; and *Kevin R. De Liban*, Legal Aid of Arkansas, Inc., for appellant.

*Phyllis A. Edwards*, for appellee.